Lillian Willene MILLER and Bobby Joe Miller, Plaintiffs-Appellants,

v.

Fred STANMORE and Fred A. Frey, Warden, FCI, Defendants-Appellees.

No. 79–2928.

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 9, 1981.

John Buckley, Texarkana, Tex., for plaintiffs-appellants.

Janet Hellmich, Asst. U. S. Atty., Tyler, Tex., for defendants-appellees.

Before INGRAHAM, GEE and TATE, Circuit Judges.

TATE, Circuit Judge:

A pro se complaint filed by a federal prisoner and his wife against federal prison officials was dismissed by the district court for lack of subject matter jurisdiction and for failure to state a cause of action upon which any relief can be granted. The plaintiffs appeal the judgment of dismissal. Finding error in the dismissal on the pleadings, we reverse and remand.

*Context Facts*

The plaintiff Mrs. Miller was accused by a prison guard, the defendant, Stanmore, of engaging in manual sexual activity with her husband, a federal prisoner (and also a plaintiff), while in the visiting room of Texarkana Federal Correctional Institution (F.C.I.). Based on this accusation, Mrs. Miller was denied visitation rights with her husband for a period of thirty days, and Mr. Miller was deprived of a total of thirty-five days accumulated good time credit.

Mr. and Mrs. Miller subsequently filed suit in federal district court against the guard Stanmore, who made the accusation, and against the prison warden, who imposed the sanctions. Their pro se complaint alleged that they were arbitrarily deprived of visitation privileges and good-time credit in violation of their constitutional right to due process, and that, due to the accusations, Mrs. Miller suffered character assassination and humiliation. The plaintiffs denied the improper conduct, stated that both other visitors in the area as well as another corrections officer could testify that no such conduct had occurred, and alleged that they were denied the opportunity to have these witnesses dispute the version of Stanmore, who claimed to have viewed the improper act. They sought damages, as well as declaratory and injunctive relief.

The defendants' answer constituted a general denial of each of the plaintiffs' allegations. On the basis of these pleadings, the magistrate recommended that the complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The plaintiffs, by now represented by counsel, filed objections to the magistrate's report and requested leave to amend their petition. Without referring to the request for amendment, the district court dismissed the suit on the two bases recommended by the magistrate. This appeal followed.

*Review of Dismissal on the Pleadings*

In reviewing a complaint dismissed for lack of jurisdiction or for failure to state a claim, the appellate court must consider its allegations as true. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491, 493 (5th Cir. 1976); *Spector v. L. Q. Motor Inns, Inc.*, 517 F.2d 278, 281–82 (5th Cir. 1975), *cert. denied* 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976). Moreover, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

According to the complaint, Mr. and Mrs. Miller were falsely accused by defendant Stanmore of engaging in improper sexual activity while in the visiting room at F.C.I. Stanmore, in the presence of numerous other visitors, announced that the Millers were to come to the desk at the visiting room facilities. Once there, they were told that the visit was terminated. The following day, the defendant, Warden Frey, notified Mrs. Miller that her visiting privileges had been suspended for a period of thirty days, without giving her an opportunity to contest the action. Mr. Miller was deprived of a total of thirty-five days in good time credits, and was denied further good time credits absent official approval. The plaintiffs deny the conduct allegedly witnessed

by a single guard, claim they had several witnesses to support their innocence of the conduct charged, and assert they were denied an opportunity to have these witnesses heard to refute the guard's unfounded accusation.

## Subject Matter Jurisdiction

The plaintiffs' complaint set forth a number of federal statutes under which jurisdiction was invoked,[1] including specifically 28 U.S.C. § 1331.[2] According to the report of the magistrate, the district court was nevertheless without jurisdiction to entertain the suit, based upon the allegations of the complaint, for three reasons: (1) the plaintiffs initiated their action under inappropriate federal statutes; (2) as a suit against federal employees, the plaintiffs should have brought the action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 et seq.; and (3) the exhaustion of administrative remedies, a FTCA prerequisite does not appear to have been satisfied. On this basis, the district court found that it lacked subject matter jurisdiction.

We conclude that the district court was in error and that it had jurisdiction to entertain the suit under both § 1331(a) (federal question jurisdiction) and § 1346(b) (suit against the United States for money damages).

### (a) Section 1331 Jurisdiction

■ Where the complaint seeks recovery directly under the Constitution, federal question jurisdiction is established, and dismissal for lack of jurisdiction is appropriate only (1) where the court decides that the federal claim is immaterial and made solely for the purpose of obtaining jurisdiction, or (2) where the claim is wholly insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). See also *Hilgeman v. National Insurance Com-*

*pany of America,* 547 F.2d 298, 300 (5th Cir. 1977). The first exception, that the federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, usually arises where a federal claim is joined with primarily state claims, and it does not apply where the constitutional claim, whatever its merit or substance, is the essence of the action. *Walsh v. Louisiana High School Athletic Association,* 616 F.2d 152, 156 (5th Cir. 1980); *Creel v. City of Atlanta,* 399 F.2d 777 (5th Cir. 1968). A determination of the second exception requires application of a two-pronged test: a federal question may be insubstantial either (1) because it is obviously without merit, or (2) because it is clearly foreclosed by previous decisions of the Supreme Court. *Southpark Square Limited v. City of Jackson, Mississippi,* 565 F.2d 338, 341–42 (5th Cir. 1977), *cert. denied* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978).

■ The crux of the plaintiffs' complaint is that the defendant federal officials violated their federal constitutional rights to due process by imposing sanctions without affording the plaintiffs an opportunity to contest the accusations of the defendant guard, Stanmore. Since it is the alleged constitutional violation which gives rise to damages sought, a material question "arising under" the Constitution is presented in the complaint. Moreover, the federal question presented is neither wholly insubstantial nor frivolous: Supreme Court decisions have recognized jurisdiction on the basis of alleged constitutional violations, including alleged due process violations. See, e. g.: *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (claim which rests on due process clause of fifth amendment states a cause of action and invokes federal question jurisdiction);[3] *Bivens v.*

---

1. The complaint alleged as jurisdictional bases: 28 U.S.C. §§ 1334, 1343, 1361; 18 U.S.C. §§ 241, 242; 28 U.S.C. §§ 2201, 2202.

2. Section 1331 vests in the district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

3. In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (a section 1983 claim, 42 U.S.C. § 1983), the Supreme Court reiterated that prisoners are also guaranteed constitutional due process rights, although these rights are subject to restrictions imposed by the nature of the regime to which the pris-

*Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (fourth amendment violation by federal officials gives rise to a cause of action for damages that result from the unconstitutional conduct). Nor is this constitutional claim foreclosed, as the district court implied, because the Congress provided a statutory remedy in the Federal Tort Claims Act. *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (decided subsequent to the district court decision below).

On this basis alone, the district court erred in dismissing the complaint for lack of subject matter jurisdiction.

### (b) Section 1346(b) Jurisdiction

Again, in reviewing a complaint dismissed for lack of jurisdiction, we must determine whether the complaint is drawn to seek recovery under a federal statute, and, if so, whether the federal claim is immaterial and made solely for the purpose of obtaining jurisdiction. *Spector v. L Q Motor Inns, Inc., supra,* 517 F.2d at 281. The magistrate's report recognized that the plaintiffs could have properly sought recovery under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., thereby vesting the district court with jurisdiction under 28 U.S.C. § 1346(b).[4] However, since the plaintiffs failed to allege § 2671 as a basis for recovery, the magistrate recommended that the complaint be dismissed for lack of subject matter jurisdiction. Subsequently, the plaintiffs, by now represented by counsel, filed objections to the magistrate's report, and included therein a request for leave to amend the complaint to allege a cause of action under 28 U.S.C. §§ 1346 and 2671 et seq.

Nevertheless, the district court ordered the complaint dismissed, without giving the plaintiffs an opportunity to amend.

█ Leave to amend pleadings "shall be freely given when justice requires" Rule 15(a), Fed.R.Civ.Proc. Additionally, as expressly provided by 28 U.S.C. § 1653, defective allegations of jurisdiction may be amended at the trial and appellate levels. This provision, like rule 15(a), should be liberally construed. *Harkless v. Sweeney Independent School District of Sweeney, Texas,* 554 F.2d 1353 (5th Cir. 1977), *cert. denied,* 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977).

█ The requested amendment would have done no more than state an alternative jurisdictional basis for recovery upon the facts previously alleged. In the absence of any bad faith or undue delay on the part of the plaintiffs or undue prejudice to the defendants, the district court therefore abused its discretion by not allowing the plaintiffs an opportunity to amend. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). On remand, the plaintiffs should thus be allowed to amend the complaint to allege a claim under the Federal Tort Claims Act.

### (c) Exhaustion as a Jurisdictional Prerequisite

The plaintiffs' complaint does not allege that the plaintiffs exhausted their adminis-

---

oners have been lawfully committed. *Id.* 94 S.Ct. at 2974–75. In the absence of Supreme Court decision clearly foreclosing the present claim by the prisoner husband, however, the district court had *jurisdiction* to entertain this suit; although reasonable restrictions on the prisoner-husband's due process rights that may be developed for purposes of summary judgment or merit-trial may defeat his claim. Further, *Mrs.* Miller, who was not a prisoner, may have greater due process rights. Cf., *Davis v. Passman, supra.*

**4.** Section 1346(b) provides:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

trative remedies prior to bringing suit. The magistrate therefore concluded that the district court lacked jurisdiction because "it does not appear that the claim had been processed" before the appropriate federal agency." (Record at p. 10). The magistrate apparently referred to the requirement of 28 U.S.C. § 2675(a) that no federal tort claims action shall be instituted unless the claimant first presents the claim to the appropriate federal agency and the claim is finally denied by that agency.

■ We recognize that the management and regulation of federal penal correctional institutions is by statute delegated to the Bureau of Prisons under the direction of the attorney general, 18 U.S.C. §§ 4001, 4042, and resort must be had in the first instance to these officials, *Hess v. Blackwell*, 409 F.2d 362, 363 (5th Cir. 1969).[5] However, rather than outright dismissal of a pro se complaint for failure to allege such exhaustion,[6] the district court should afford the plaintiffs an opportunity to allege or show that they have properly exhausted their administrative remedies,[7] or that they should be excused from this requirement,[8] before their complaint is dismissed on failure-to-exhaust grounds.

*Stating a Cause of Action Upon Which Relief Can Be Granted*

We thus reverse the district court's dismissal, primarily based on a finding of lack of jurisdiction. We need refer but briefly

---

**5.** This circuit has consistently required that federal prisoners initially resort to the Bureau of Prisons through available administrative channels prior to asserting their claim in federal district court, including claims based upon alleged constitutional violations. *Ross v. Henderson*, 491 F.2d 116 (5th Cir. 1974) (federal prisoner sought mandamus relief regarding the actions of prison officials in seizing sexually oriented book he had ordered by mail); *Paden v. United States*, 430 F.2d 882, 883 (5th Cir. 1970) (federal prisoner alleged deprivation of fundamental constitutional rights by prison administration's failure to allow prisoners to form black cultural organization); *Hess v. Blackwell*, supra, 409 F.2d 362 (federal prisoner alleged deprivation of his Eighth Amendment rights).

We need not now decide whether *Mrs.* Miller, as a prerequisite to presenting her constitutional claims in district court, must resort to the Bureau of Prisons administrative channels. Nevertheless, we consider at least significant the Supreme Court's articulation of the policy considerations supporting an exhaustion requirement in *McKart v. United States*, 395 U.S. 185, 193–195, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). These include: (1) the avoidance of premature interruption of the administrative process; (2) the use of the agency to make a factual record, to exercise its discretion, or to apply its expertise; (3) judicial efficiency; (4) administrative autonomy; (5) the avoidance of weakened administrative processes which result from encouraging people to ignore agency procedures. An added factor in federal prisoner cases is the congressional decision to vest control of federal penal correctional institution policy, including that affecting free world citizens, in the Bureau of Prisons. 18 U.S.C. §§ 4001, 4042.

Under the terms of the Federal Tort Claims Act, 28 U.S.C. § 2675(a), any claimant must first present the claim to an appropriate federal agency, which, in this instance, is the Bureau of Prisons.

**6.** See *Cline v. Herman*, 601 F.2d 374, 375–76 n. 1 (8th Cir. 1979), involving a pro se complaint of a federal prisoner which was liberally construed to state a claim under the FTCA, but failed to allege the exhaustion requirement of § 2675(a). The court stated that, prior to dismissal for non-compliance with § 2675(a), the plaintiff must be given an opportunity to show that he has complied.

**7.** We note that, in the objections to the magistrate's report (filed by counsel obtained by plaintiffs subsequent to their filing their suit pro se), an allegation is made that the husband had exhausted his administrative remedies before the Bureau of Prisons. In dismissing the pro se complaint without allowing an opportunity to amend, the district court erred. *Hess v. Blackwell, supra.*

**8.** If the plaintiffs' complaint can be read to include allegations that the Bureau of Prisons administrative procedure itself violates the plaintiffs' due process rights, exhaustion of the very remedies complained of may not be required. See *Fuentes v. Roher*, 519 F.2d 379, 387 (2nd Cir. 1975) (an exception to the exhaustion of administrative remedies requirement is presented where the question of the adequacy of the administrative remedy is for all practical purposes coextensive with the merits of the plaintiff's constitutional due process claim); *Finnerty v. Cowen*, 508 F.2d 979, 982 (2nd Cir. 1974) (administrative agencies have neither the power nor the competence to pass on the constitutionality of administrative action, since the agency is not called upon to determine facts or to apply its expertise).

to its additional gratuitous finding that the complaint did not state a claim upon which relief could be afforded.[9]   Fed.R.Civ.P. 12(b)(6).

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Matthews v. United States*, 456 F.2d 395, 397 (5th Cir. 1972); *Cook and Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir. 1971). Judging the complaint by this standard of review—and in light of the liberal reading accorded pro se prisoner complaints, *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976)—we conclude that the district court erred in dismissing the complaint for failure to state a cause of action upon which any relief can be granted.

■ The facts asserted in the complaint, that the plaintiffs were summarily advised that their visiting privileges were suspended and that Mr. Miller would be penalized with the withdrawal of good time credits without an opportunity to contest the decision, may make out a fifth amendment violation, at least sufficiently to avoid dismissal on the face of the complaint without opportunity for factual development. If the plaintiffs can prove that the defendants' action was taken without affording (before or after the event) the plaintiffs procedural due process, or that the administrative remedy provided by the Bureau of Prisons post-sanction is itself procedurally inadequate,[10] the plaintiffs may be entitled to relief for the defendants' violation of their fifth amendment due process rights.

■ We need not now decide whether the plaintiffs could prove any set of facts to support recovery under the Federal Tort Claims Act,[11] because (as noted above) the case is remanded to permit the plaintiffs an opportunity to amend to state such claims previously denied by the trial court.

Having so found that under *Conley v. Gibson* the complaint should not have been dismissed for failure to state a claim, we need do no more than note that *Royal v. Clark*, 447 F.2d 501 (5th Cir. 1971), relied upon by the district court, is inapposite to the present issue. There, a prisoner's attempt to obtain habeas relief from administrative segregation was dismissed, after full factual development, upon a finding that the administrative confinement was not an abuse of the wide discretion allowed prison officials in maintaining order and discipline. That principle, as enunciated, does not provide support for the dismissal of all suits by prisoners, even those (such as the present) where a prisoner alleges that he was arbitrarily disciplined by loss of good-time credit for an act he did not do and denied an opportunity to show that he did not do it.

9. Based upon the district court's determination that it was without jurisdiction to hear the complaint, that court need not have decided whether the complaint stated a cause of action. The importance of distinguishing between the concepts of "jurisdiction" and "cause of action" to avoid such a result is stressed by the Supreme Court in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed.2d 939 (1946):

Jurisdiction, therefore, is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

10. See footnote 8, supra.

11. If the district court on remand concludes that the allegations of the complaint, as amended, support a Federal Torts Claims Act claim, the plaintiffs may nevertheless pursue any constitutional claims supported by the allegations as well. *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (a *Bivens*-type action is available although the allegations of the complaint also support an action under the Federal Tort Claims Act).

*Conclusion*

For the reasons stated, we reverse and remand the case to the district court for further proceedings.

REVERSED AND REMANDED for further proceedings.