**Terry Ray TAYLOR**

v.

**CITY OF NEDERLAND, TEXAS, et al.**

**Civ. A. No. B–85–200–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

May 16, 1988.

Terence Ray Taylor, pro se.

Stephen D. Sanders, Beaumont, Tex., for plaintiff.

Richard F. Baker, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION AND FINAL JUDGMENT

COBB, District Judge.

CAME ON FOR CONSIDERATION the above styled and numbered civil action, the court having entered a final judgment on August 6, 1987, after having heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate, at Beaumont, Texas, now amends its order pursuant to FED.R. CIV.P. 52(b), making a *de novo* determination of certain objections raised by the plaintiff.

Plaintiff originally filed this civil rights action in January 1985, alleging false arrest and imprisonment. On May 29, 1987, Magistrate Hines issued a report recommending that this action be dismissed, as (1) defendant Borne is cloaked with absolute immunity from suit, (2) defendant Myers is protected from suit by defendant Borne's decision to issue the arrest warrant, (3) plaintiff failed to allege against the City of Nederland and Jefferson County a "policy or custom" claim of the type enunciated in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Grandstaff v. City of Borger, Texas,* 767 F.2d 161, 169 (5th Cir.1985).

Plaintiff has filed multiple sets of objections to the report of the Magistrate. His underlying argument is that someone should have to compensate him for the time he was unlawfully detained in the Jefferson County Jail.[1] Plaintiff's current objections allege essentially the following: First, the magistrate should not have found that defendant Myers had "immunity" and issued summary judgment, and secondly, he should be allowed to amend his complaint to allege new causes of action.

### I.

The first inquiry concerns whether the summary judgment was properly granted in favor of defendant Myers. Magistrate Hines and this court stated in their findings that the cause of action should be dismissed against defendant Myers because of a break in the chain of causation as well as a degree of immunity on the part of defendant Myers. Although the two doctrines are very similar, further discussion is needed to explain the two doctrines and their applications.

Magistrate Hines found, as a matter of law, that defendant Borne, the magistrate who issued the warrant, had acted as a supervening, intervening cause to defendant Myers, precluding a claim against defendant Myers under Section 1983 because of a break in the chain of legal causation. *Rodriguez v. Ritchey,* 556 F.2d 1185 (5th Cir.1977); *Smith v. Gonzales,* 670 F.2d 522 (5th Cir.1982). Magistrate Hines recommended dismissal of the cause of action pursuant to FED.R.CIV.P. 12(b)(6). Subsequent to this court's dismissal, the court of appeals approved of the causation approach as a means of deciding Section 1983 claims when the law enforcement officials disclosed all pertinent facts to the magistrate, as defendant Myers did in this case. *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir.1988).

The second reason the action was dismissed against defendant Myers was on

---

1. In 1985 this court granted plaintiff's petition for habeas corpus after determining that plaintiff had been held for ten months in the Jefferson County Jail for extradition in violation of his due process right not to be extradited except upon proof by the demanding state that he is the same person named in the extradition papers.

the basis of qualified immunity. In plaintiff's motion of August 17, 1987, he advocates that defendant Myers should be subject to the decision of the Supreme Court in *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). This court agrees. Under *Malley,* the following rule applies:

> Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized.

*Malley,* 475 U.S. at 341, 106 S.Ct. at 1096. The Court reiterated itself when it stated that "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable ... will the shield of immunity be lost." *Malley,* 475 U.S. at 344–45, 106 S.Ct. at 1098. The Fifth Circuit interpreted this decision and stated:

> In *Malley,* the Court held that an officer may not rely on the judgment of a judicial officer in finding that probable cause exists if a reasonably well-trained officer would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.

*U.S. v. Burzynski Cancer Research Institute,* 819 F.2d 1301, 1309 (5th Cir.1987), citing *Malley,* 475 U.S. at 345, 106 S.Ct. at 1098.

■ Applying *Malley* and the law regarding sufficiency of affidavits for warrants to the facts at bar, the plaintiff raises several complaints involving the affidavit for the arrest warrant. Plaintiff's first complaint, that the warrant lacks an affirmative allegation that it is based upon the personal knowledge of the affiant or his informers, is not justified upon a reading of the affidavit. The affidavit expressly states that Anne Lester provided the original tip that Terry Ray Taylor was an escapee from Portland, Indiana. The affidavit then states that the affiant called Chief Deputy Jerry Bell of Jay County, Indiana, who told him that they held escape

warrant No. CCR 84/262 on Terry Ray Taylor. Interpreting *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Fifth Circuit has stated that the affidavit must state whether its information is based on "personal knowledge or informed sources." *Garris v. Rowland,* 678 F.2d 1264, 1272 (5th Cir.1982). In a more lenient test, the Supreme Court has stated that affidavits are to be judged based on the "totality of circumstances." *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Because the informants corroborated each other's accounts and the second informant was the chief deputy in the county from whence the alleged escape occurred, there was ample evidence in the affidavit to support the finding that the chief deputy was an informed source.

■ In addition, plaintiff seems to complain that the affiant should have set out in the affidavit that plaintiff was an "Escaped Fugitive—Felony—Indiana" as written by the magistrate on the warrant. However, the affiant clearly alleges all of these facts in his affidavit. Thus, the affiant's failure to state the words in this sequence does not render the warrant void or cause the affiant to lose his immunity.

In conclusion, the court finds that the *Malley* test, "a reasonably well-trained officer would have known that [this] affidavit failed to establish probable cause and that he should not have applied for the warrant," has not been met as a matter of law. In addition, the court finds that the issuing magistrate's actions broke the chain of causation against defendant Myers.

## II.

■ The plaintiff erroneously seeks after final judgment to amend his original pleadings to bring in more claims and causes of action. However, with the summary judgment against the plaintiff's Section 1983 claims, no federal question jurisdiction exists for the court to hear these largely state law claims. 28 U.S.C. § 1331 (1987); *Miller v. Stanmore,* 636 F.2d 986 (5th Cir.1981). Additionally, these claims are all barred under the doctrine of res

judicata.[2] Finally, and most importantly, the court finds that justice does not require that the court allow the plaintiff to amend his complaint pursuant to FED.R.CIV.P. 15(a) given the prejudice that would inure against the defendants if they had to defend against the same claims twice.

It is ORDERED, ADJUDGED and DECREED that this case is DISMISSED for failure to state a claim upon which relief can be granted. Defendant Borne is immune from suit under the doctrine of absolute judicial immunity. Defendant Myers is not liable because of qualified immunity as well as a break in the chain of causation. Plaintiff has failed to allege a "policy or custom" claim of the type enunciated in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), such that defendants Nederland, Texas, and Jefferson County, Texas, can be held liable in this Section 1983 suit.

It is further ORDERED that plaintiff's motion for leave to amend pursuant to FED.R.CIV.P. 15(a) is DENIED.

---

**2.** Claim preclusion is most easily applied when an unsuccessful plaintiff seeks to reopen basically the same theories in search of basically the same remedies. One major function of claim preclusion is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit. 18 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 4408 (1987).