**Rhonda Renee JONES, Plaintiff,**

v.

**CITY OF BURKBURNETT, Officers Gilbert Lopez, Brad Boyd, Jane Doe, Jane Doe 2, and Chief of Police, Curtis Sayler, Individually and in Their Official Capacities as Police Officers, Defendants.**

No. 7:01–CV–028–R.

United States District Court,
N.D. Texas,
Wichita Falls Division.

April 23, 2001.

Rickey G. Bunch, Law Office of Rickey G. Bunch, Wichita Falls, TX, for plaintiff.

Charles Oldham, Richard E. Hanson, Oldham & Hanson, Wichita Falls, TX, for defendants.

## *MEMORANDUM OPINION*

BUCHMEYER, Chief Judge.

On February 9, 2001, Plaintiff, Rhonda Renee Jones, filed suit in this Court pursuant to 42 U.S.C. sections 1983 and 1988, alleging violations of her rights under the Fourth, Eight, and Fourteenth Amendments of the United States Constitution. Plaintiff also raises claims under Texas common law for Intentional Infliction of Emotional Distress, Assault, and Battery. Now before this Court is a Motion to Dismiss for failure to state a claim pursuant to FRCP 12(b)(6), filed on March 5, 2001, on behalf of all named Defendants.

For the reasons stated below, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part and the Plaintiff is ordered to amend her Complaint within 30 days to include specific factual allegations in support of her claim of municipal liability.

## *Background*

The following facts are taken from the allegations contained in the Plaintiff's Complaint. On February 12, 1999, Plaintiff was driving in the City of Burkburnett when she was detained, without probable cause, by Defendant Officers Gilbert Lopez and Brad Boyd. The Defendants accused the Plaintiff of theft, participation in organized crime, and selling narcotics. The Defendants then seized and searched Plaintiff's vehicle and her person. Next, the Defendants handcuffed the Plaintiff—though not officially placing her under arrest for any particular offense—and demanded that she consent to an on-the-spot strip search.

When the Plaintiff refused to consent to the search, the Defendants took her to the City of Burkburnett police station where they once again demanded her consent. Plaintiff again refused and in response, Defendant Lopez ordered Defendant Officers Jane Doe and Jane Doe 2 to spray the Plaintiff with mace. The officers complied with this order by spraying the mace into the Plaintiff's eyes. When the Plaintiff begged the Defendants to allow her to remove her contact lenses or to splash her eyes with water, they responded that she would only be allowed access to water after she consented to a strip search.

An hour later, Plaintiff was dragged into the office of Defendant Curtis Salyer, the Chief of Police, and was strip searched without her consent. As Officer Jane Doe held the Plaintiff down, Officer Jane Doe 2 tore the Plaintiff's clothes from her body and said, "When we are through, you won't have any dignity left." (Complaint p. 7). The search did not reveal any evidence of wrongdoing. Plaintiff's torn clothes were

returned to her and she was escorted to a holding cell and permitted to wash her face. Plaintiff was subsequently charged with resisting arrest and was given a citation for theft. The theft charge was later dismissed for lack of evidence. Plaintiff's eyes remained injured for a week and her contact lenses were destroyed.

### Discussion

### I  12(b)(6) Standard

■ "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pirai-no v. United States Postal Service,* 69 F.Supp.2d 889, 894 (E.D.Tex.1999) (quoting, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Because of this high standard, "[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982) (citation omitted). The Fifth Circuit, however, maintains a heightened pleading requirement for complaints charging violations of 42 U.S.C. § 1983, and thus pleadings must state specific facts, not mere conclusory allegations. *See Colle v. Brazos County Texas,* 981 F.2d 237, 243 (5th Cir.1993).

■ In ruling on a 12(b)(6) motion the district court must accept the truth of the plaintiff's allegations or rely upon only those matters outside of the pleadings with respect to which there is no genuine issue of fact. *See Espinoza v. Missouri Pacific Railroad Co.,* 754 F.2d 1247, 1249 (5th Cir.1985). Moreover, the allegations set forth in the Complaint should be construed liberally in favor of the Plaintiff. *See Kaiser Aluminum & Chem. Sales, Inc.,* 677 F.2d at 1050 (citing, e.g., *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981)).

### II  Application

### A  Municipal Liability

■ Aside from stating that the individual Defendants in this case are employees of the City of Burkburnett, the Plaintiff's complaint contains no mention of this Defendant. However, the Plaintiff acknowledges in her Response to the Defendant's Motion to Dismiss that a municipality may not be held strictly liable for the acts of its non-policy-making employees under a theory of respondeat superior. *See Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Colle,* 981 F.2d at 244. Instead, as the Response correctly notes, the Plaintiff must demonstrate that there exists a policy or custom of deliberate indifference to the Plaintiff's constitutional rights, and that this policy or practice was a cause of her injuries. *Id.*

Though the Plaintiff's Response alleges that a policy of inadequate training led to her injuries, this Court cannot substitute these allegations for those that are absent from the Complaint. Therefore, the Defendant's Motion to Dismiss the claims against the City of Burkburnett is **GRANTED** and these claims are **DISMISSED WITHOUT PREJUDICE.** Plaintiff is ordered to amend her Complaint within 30 days to include specific factual allegations in support of her claim of municipal liability.

### B  Official Capacity

■ Plaintiff has named the City of Burkburnett, the Defendant Officers in their official capacities as police officers, and the Defendant Officers in their personal capacities, as Defendants in this lawsuit. In naming the Defendant Officers in their personal capacities, the Plaintiff seeks to impose personal liability upon

them for actions taken under color of state law. *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing, e.g., *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). However, in naming the Defendant Officers in their official capacities as police officers, the Plaintiff is merely restating her claim against the City of Burkburnett. *See Monell*, 436 U.S. at 690, n. 55, 98 S.Ct. 2018 (Official-capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

The Plaintiff has explained that she drafted her pleading in order to contrast her two claims against the Defendants; to highlight that they were acting both on their own volition and pursuant to a policy or practice of their employer, the City of Burkburnett. This choice of pleading is for the Plaintiff to make because she is the "master of the Complaint." *See e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Nevertheless, the Plaintiff cannot include a claim against the Officers in their official capacities because she has failed to adequately state a claim against the City of Burkburnett. Therefore, the Defendants' Motion to Dismiss the claims against the Defendants in their official capacities as police officers is **GRANTED** and these claims are **DISMISSED WITHOUT PREJUDICE.**

## C   Eighth Amendment Claims

In her Response to the Defendants' Motion to Dismiss, Plaintiff concedes that there is no legal basis for her Eighth Amendment Claims. Therefore, the Motion is **GRANTED** as to these claims and they are **DISMISSED WITH PREJUDICE.**

## D   "Miscellaneous Constitutional Claims"

Defendants' Motion includes a section entitled, "Miscellaneous Constitutional Claims," in which the Defendants make a blanket assertion that Plaintiff fails to allege facts sufficient to state an actionable claim against the Defendants "under various and sundry provisions of the U.S. Constitution." (Motion to Dismiss p. 3). The Motion fails to provide any further explication of, or legal argument concerning, the alleged deficiencies in the Plaintiff's Complaint. The facts detailed above, taken from the Complaint, provide adequate support to state a claim upon which relief can be granted for violations of "various and sundry" provisions of the United States Constitution, including, but not limited to, unlawful search and seizure in violation of the Fourth Amendment and use of excessive force in violation of the Fourteenth Amendment. Therefore, the Motion to Dismiss the claims against the individual Defendants for violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments is **DENIED.**

## E   Qualified Immunity

The heightened pleading standard applied by the Fifth Circuit is even more important where the Defendants have asserted qualified immunity as an affirmative defense. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995)(en banc); *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir.1996). However, the facts detailed above could easily lead a jury to conclude that the Defendants violated clearly established constitutional rights and that their conduct was objectively unreasonable in light of the clearly established law at the time of the alleged violations. *See Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). According to the Complaint,

the Defendants sprayed mace into the Plaintiff's eyes in order to coerce her into consenting to a strip search for which they did not have probable cause. While administering the search, one Defendant stated, "When we are through, you won't have any dignity left." (Complaint p. 7). Through these allegations, the Plaintiff has more than met the Fifth Circuit's pleading standard. Therefore, the Motion to Dismiss on Grounds of Qualified Immunity is **DENIED.**

### F  Exemplary Damages

 The same facts cited to defeat the Defendants' claims of qualified immunity provide adequate grounds for the Plaintiff to proceed on her claim for exemplary damages due to the Defendants' malicious and intentional deprivation of the Plaintiff's constitutional rights. Therefore, the Motion to Dismiss Plaintiff's claim for exemplary damages is **DENIED.**

### G  Other Affirmative Defenses

Defendants' Motion includes a list of additional affirmative defenses, with no accompanying argument. It is not clear whether these defenses were provided in support of the Defendants' Motion to Dismiss, or if they were intended to form part of the Defendants' accompanying answer. To the extent that they provide an additional basis for this Motion to Dismiss, they are hereby **DENIED.**

### *Conclusion*

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED** as to the Plaintiff's claims against the City of Burkburnett and the Defendant Officers in their official capacity as police officers. These claims are **DISMISSED WITHOUT PREJUDICE** and the Plaintiff is ordered to amend her Complaint within 30 days to include specific factual allegations

of municipal liability. The Motion to Dismiss is also **GRANTED** as to the Plaintiff's Eight Amendment claims and these claims are **DISMISSED WITH PREJUDICE.** The Motion to Dismiss is **DENIED** as to all remaining claims.