**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40549
Summary Calendar

RAYMOND DUANE SPRING,

Plaintiff-Appellant,

versus

THE UNIVERSITY OF TEXAS MEDICAL BRANCH, Galveston;
JOHN D. STOBO; A. BABBILI; UNIDENTIFIED CHARIAN, Doctor;
UNIDENTIFIED JOYNER, Doctor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
No. 6:02-CV-592
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Raymond Spring appeals from the dismissal of his 42 U.S.C. § 1983 civil rights suit alleging deliberate indifference in providing medical care. Following a hearing performed pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), a magistrate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge recommended dismissing the claims as frivolous and for failure to state a claim.  In his objections, Spring argued that his claims are meritorious and that he had been denied the right to amend his complaint to include additional defendants.

The district court denied his objections, ruling that the attempted addition of new defendants was presented for the first time in the objections to the report of the magistrate judge and that Spring had failed properly to allege exhaustion.  The record reveals, however, that twice during the Spears hearing, Spring had mentioned his desire to amend.  Further, the requested amendment could not have been denied for failure properly to allege exhaustion until Spring had been afforded an opportunity to make the requisite showing.  See Miller v. Stanmore, 636 F.2d 986, 991 (5th Cir. Unit A Feb. 1981).  Because the putative amendment would have been the amendment filed by Spring in this case, it should have been permitted as a matter of course.  See FED. R. CIV. P. 15(a).

Although we express no opinion as to the merit of the existing allegations, it is premature to affirm the dismissal before Spring is given the opportunity to amend.  Accordingly, we VACATE and REMAND for proceedings consistent with this opinion.