[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2006
THOMAS K. KAHN
CLERK

No. 05-15795
Non-Argument Calendar
_____

D. C. Docket No. 05-22078-CV-WMH

EVELYN MARTINEZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 8, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Evelyn Martinez, proceeding pro se and in forma pauperis, appeals the

district court's sua sponte dismissal of her complaint filed pursuant to the Federal

Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. We affirm.

Martinez contends that the district court abused its discretion by dismissing

her complaint. She argues that her complaint is not frivolous or malicious, and she

asserts that it does not fail to state a claim upon which relief may be granted.

In an in forma pauperis proceeding, "the court shall dismiss the case at any

time if the court determines that . . . (B) the action or appeal—(i) is frivolous or

malicious [or]; (ii) fails to state a claim upon which relief may be granted." 28

U.S.C. § 1915(e)(2)(B)(i)–(ii). In making that determination, "[p]ro se pleadings

are held to a less stringent standard than pleadings drafted by attorneys and will,

therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262,

1263 (11th Cir. 1998). Nevertheless, pro se status will not save a frivolous

complaint from dismissal. See Denton v. Hernandez, 504 U.S. 25, 33–34, 112 S.

Ct. 1728, 1734 (1992).

We review a district court's sua sponte dismissal for frivolity under 28

U.S.C. § 1915(e)(2)(B)(i) only for an abuse of discretion. Bilal v. Driver, 251 F.3d

1346, 1349 (11th Cir. 2001). A complaint "is frivolous where it lacks an arguable

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct.

1827, 1831–32 (1989); see also Bilal, 251 F.3d at 1349. District courts not only

have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833. Frivolous claims include those "describing fantastic or delusional scenarios . . . ." Id. at 328; 109 S. Ct. at 1833.

A district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), however, is reviewed de novo, viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). "Dismissal is not appropriate unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). Nonetheless, a district court may properly dismiss a complaint that is based on "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts." Id. Although the district court's order dismissing Martinez's complaint did not identify the statute under which Martinez was proceeding, her complaint cited the FTCA, and a liberal construction of her pleadings suggests that it was the basis for her claim. See Miller v. Stanmore, 636 F.2d 986, 991–92 (5th Cir. Feb. 1981) (liberally

construing a complaint as alleging a claim under the FTCA).[1]

Under the FTCA the United States can be liable in tort but cannot be held liable for punitive damages. 28 U.S.C. § 2674. The FTCA's waiver of immunity is subject to several exceptions. See id. § 2680. The discretionary function exception precludes government liability for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Id. § 2680(a).

The Supreme Court has developed a two-step test to determine whether the government's conduct meets the discretionary function exception. See United States v. Gaubert, 499 U.S. 315, 323, 111 S. Ct. 1267, 1274 (1991). We have explained that in applying that test, first we must "determine whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice." Autery v. United States, 992 F.2d 1523, 1526 (11th Cir.

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981 are binding precedent in this Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

1993).  The discretionary function exception will not apply "if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  Gaubert, 499 U.S. at 322, 111 S. Ct. at 1273.

Second, "[e]ven assuming the challenged conduct involves an element of judgment," we must evaluate whether "the challenged actions are the kind of conduct that the discretionary function exception was designed to shield."  Autery, 992 F.2d at 1526–27 (quotation marks and citation omitted).  "[T]he purpose of the exception is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  Gaubert, 499 U.S. at 323, 111 S. Ct. at 1273 (quotation marks and citation omitted).

Before applying the Gaubert test to the government's conduct, we must "determine exactly what conduct is at issue."  Autery, 992 F.2d at 1527.  The conduct at issue in the present case is the EEOC's processing of a charge of discrimination.  It is unclear from the district court's order whether it intended to dismiss Martinez's complaint as frivolous under § 1915(e)(2)(B)(i) or for failing to state a claim under § 1915(e)(2)(B)(ii).  However, we need not resolve that matter here because both subsections apply —the complaint lacks an arguable basis in law and in fact, see Bilal, 251 F.3d at 1349, and it is clear from the face of the

5

complaint that Martinez can prove no set of facts that would support her claims, see Davila, 326 F.3d at 1185.

Rather than presenting a set of facts that would support her claim of wrongdoing by the EEOC, Martinez's complaint presented conclusory allegations and legal conclusions. For example, she alleges that her cause of action arose from a "massive conspiracy by the local, state and federal government" against her. Complaint at 2. She claims that the wrongful conduct consisted of the EEOC's improper handling of her charges of employment discrimination in violation of her civil rights and that as a result she suffered emotional, physical, and mental injury. She seeks punitive damages, which are not available under the FTCA. See 28 U.S.C. § 2674. The EEOC is not subject to tort liability allegedly arising from the performance of its discretionary duties. See 28 U.S.C. § 2680(a).

The discretionary function exception clearly applies here because the alleged misconduct involved the elements of judgment and choice. See 28 U.S.C. § 2680(a); see Autery, 992 F.2d at 1526. Congress has not dictated the result that the EEOC must reach in processing a charge of discrimination. See 42 U.S.C. § 2000e-5 et seq. The EEOC's function of processing a charge of discrimination is the kind of administrative decisionmaking that Congress intended to shield from tort liability. See Gaubert, 499 U.S. at 323, 111 S. Ct. at 1273–74.

6

Even with liberal construction of her complaint and acceptance of its allegations as true, Martinez cannot show that the district court erred or abused its discretion in its <u>sua</u> <u>sponte</u> dismissal of her complaint. Accordingly, we affirm.

**AFFIRMED.**