# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-30806

———————

Carlos Davis,

*Plaintiff—Appellant*,

*versus*

Hemmersbach US, L.L.C.,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2024

Lyle W. Cayce
Clerk

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-864

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Carlos Davis, proceeding pro se, filed this employment discrimination action against Hemmersbach U.S. LLC, alleging he was wrongfully terminated from his employment in retaliation for refusing to allow Hemmersbach to use his private space as storage for its clients. The district court granted Hemmersbach's Rule 12(b)(6) motion to dismiss for failure to state a claim with prejudice.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

On appeal, Davis argues that the district court erred in granting the motion to dismiss because it "misinterpreted the definition of an oral contract." But nowhere before the district court did Davis allege the presence of a contract, oral or otherwise. To the extent that Davis is raising new claims or evidence for the first time on appeal, we will not consider them. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 372 (5th Cir. 2003); *Franklin v. Blair*, 806 F. App'x 261, 263 (5th Cir. 2020) (unpublished).

Turning to his Title VII retaliation claim, Davis fails to make a prima facie showing. To establish a prima facie case of retaliation, an employee must show (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) a casual connection existed between the protected activity and the employment action. *Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688, 690-91 (5th Cir. 2007). "An employee has engaged in activity protected by Title VII if [he] has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). Davis fails at the first step because opposing the use of private space as storage for clients does not constitute protected activity under Title VII.

To the extent Davis raises additional claims, he provides zero factual support to state a plausible claim, despite having amended his complaint twice. Although "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981), "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conf. v. Sup. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

No. 23-30806

AFFIRMED.