Roger ELAM et al., Petitioners-
Appellants,

v.

J. D. HENDERSON, Warden, U. S. Peni-
tentiary, Atlanta, Georgia,
Respondent-Appellee.

No. 72-2819

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1973.

Roger Elam, pro se.

James H. Moore, pro se.

Allen Spears, pro se.

John W. Stokes, Jr., U. S. Atty., An-
thony M. Arnold, Asst. U. S. Atty., At-
lanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief
Judge, and GOLDBERG and MORGAN,
Circuit Judges.

PER CURIAM:

This case is brought by inmates of the
federal penitentiary in Atlanta and in-
volves an allegation that these petition-
ers, all black Muslims, are being deprived
of their constitutional right to practice
their religion by the prison authorities.
The district court dismissed the inmates'
petition holding that no substantial al-
legations of deprivation of the constitu-
tional right to the free exercise of re-
ligion were presented. After careful con-
sideration, we affirm.

Federal courts will, of course, closely
scrutinize the constitutional claims of
prisoners raising racial or religious dis-
crimination. Walker v. Blackwell, 5 Cir.
1965, 411 F.2d 23; Jackson v. Godwin,
5 Cir. 1968, 400 F.2d 529. We agree
with the district court, however, that
the restrictions alleged in the instant pe-
tition are so inconsequential, as set forth
in the inmates' allegations, as to support
dismissal of the petition.

These petitioners allege, in essence,
that the prison authorities have failed to
provide meals strictly in compliance with
their religion's dietary laws and to spe-
cially prepare these foods under the strict
instructions of their religious practice
and have failed to provide various re-
quested foods and other items at the
commissary for sale to the inmates.
It is uncontroverted, however, that these
prisoners are allowed substantial time
each week to practice their religion and
there are no allegations that the absence
of a special dietary menu has resulted
in malnutrition.

We therefore find that these inmates
have not alleged anything more than
very minor inconveniences which may,

---

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Co. of New

York et al., 5 Cir. 1970, 431 F.2d 409,
Part I.

in a very limited way, impinge on the full exercise of their religious preferences. This court has once before considered a very similar claim by Muslims that the prison authorities in Atlanta were failing to provide meals in strict compliance with Islamic dietary rules. Walker v. Blackwell, supra. In that case we upheld a virtually identical refusal by prison authorities to accede to these dietary demands as permissible "minor restrictions on the practice of the faith of Islam at the penitentiary." *Id.* 411 F.2d at 26. The instant complaint appears to challenge exactly the same procedures which were upheld in that case without alleging any ascertainable differences. Therefore, the judgment of the district court is affirmed.