Edward **FALLIS**, himself and on behalf of all Mormons in the U. S. Penitentiary, etc., Petitioner-Appellant,

v.

**UNITED STATES** of America et al., Respondents-Appellees.

No. 72–3076
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1973.

On Rehearing March 14, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**620**

Edward Fallis, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Fallis, a Mormon presently incarcerated at the federal penitentiary in Atlanta filed a petition for a writ of mandamus, alleging that the prison authorities were guilty of discrimination and harassment toward him and other members of his faith.

The District Court for the Northern District of Georgia entered an order denying relief on all of petitioner's alleged grounds save his claim of alleged discrimination in access to the telephone. On that issue, the court ordered the government to show cause within ten (10) days why this appellant should not be allowed equal access to the telephone.

[1] The district court has not, as far as can be determined from the apparently complete record before us in this case, entered a final judgment which address-es this one reserved issue. The only order entered thus far is the one which expressly leaves this issue for later determination. Thus, the district court has not yet ruled on all of the alleged grounds for relief and the only order entered thus far cannot be appealed at this time. McLish v. Roff, 141 U.S. 661, 12 S.Ct. 118, 35 L.Ed. 893 (1891); Howell v. Terminal Railroad Association, 5 Cir. 1946, 155 F.2d 807.

Therefore, for lack of a final and thus appealable order, this appeal must be and is

Dismissed.

ON PETITION FOR REHEARING

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby granted.

It appears to the court that a final order denying all relief was entered by the district court on January 12, 1973, although not transmitted to this court. We, thus, now have an appealable order and we find that this case is appropriate for summary disposition without oral argument.

Petitioner Fallis objects to various specified actions taken by federal penal authorities at the Atlanta facility, alleging an unconstitutional interference with the religious freedom of Mormons within that institution. First petitioner alleges that on one isolated occasion an elder of his church was not admitted to the prison. The facts clearly show that the sole reason for the nonadmission of the elder was that no advance clearance had been obtained by the regular approved elder who accompanied the visitor. Such clearance is required before visitors can enter unescorted by prison personnel. There is no allegation that this was anything more than an isolated instance of failure by the visitor to follow known rules.

Petitioner also objects to the refusal of prison authorities to allow Mormon "Family Home Evenings" whereby a Mormon elder and his family "adopt" a

convict and visit him in prison for counseling. No other religions are allowed such "family visits" and facilities for such are not available. Thus, these first two practices of the federal authorities are allowable "minor restrictions" on appellant's rights. See Walker v. Blackwell, 5 Cir., 1969, 411 F.2d 23; Elam et al. v. Henderson, 5 Cir., 472 F.2d 582 (opinion dated Jan. 15, 1973).

Appellant's other contentions are without merit and the order of the district court is

Affirmed.