**Mustafa Nasir SALEEM, In behalf of Himself and Other Black Muslims of The Nation of Islam, Plaintiff–Appellant,**

v.

**David C. EVANS, et al., Defendants–Appellees.**

No. 87–8622
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 27, 1989.

Neal B. Childers, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

W. Davis Hewitt, Barnett & Alagia, Atlanta, Ga., for A.J. Sabree.

Before CLARK, EDMONDSON and COX, Circuit Judges.

CLARK, Circuit Judge:

Mustafa Nasir Saleem, a prisoner at Georgia State Prison, filed suit under 42 U.S.C. § 1983 against the officials of the state prison system and A.J. Sabree. Saleem's complaint alleged violations of his first and fourteenth amendment rights.

The district court referred the case to a magistrate who recommended that the complaint be dismissed on res judicata grounds because the issues had been litigated in *Guthrie v. Evans,* CV No. 3068 (S.D.Ga.1978). Alternatively, the magistrate recommended that the complaint be treated as a contempt petition, claiming that the officials were not complying with the consent decree in *Guthrie.* Since the district court in *Guthrie* had ordered that contempt petitions should only be filed through class counsel, the magistrate recommended that the complaint be dismissed. The district court adopted the magistrate's recommendations. The plaintiff appealed.

Liberally construed, the basis of Saleem's pro se complaint is that the prison officials at Georgia State Prison are violating the religious beliefs of the Muslim prisoners. Saleem is a member of a sect of Muslims known as the Nation of Islam. He argues that the only Muslim minister who is allowed to enter the prison to tend to the Muslims' religious needs, A.J. Sabree, is a member of a different Muslim sect, namely the American Muslim Mission. Apparently the two sects do have significant differences such as observing the Muslim holiday of Ramadan in different months: the Nation of Islam observes Ramadan in December, while the other sect observes it in June.[1]

The magistrate found that Saleem's claim amounted to an intrafaith dispute and therefore was not cognizable in the federal courts. This court, however, has recognized the validity of a similar claim in a suit concerning the officials at the Wayne Correctional Institute. *Diaab v. Green,* 794 F.2d 685 (11th Cir.1986) (unpublished opinion) (attached to this opinion). Diaab complained that the officials at the Wayne Correctional Institute refused to allow him to observe the Ramadan fast in December according to the beliefs of the Nation of Islam. On appeal from the dismissal of the claim, this court held that those facts stated a claim of a constitutional violation. On remand in *Diaab,* the district court found that the warden had not offered any legitimate penological reasons for denying Diaab's rights and granted injunctive relief.[2]

Therefore to the extent that Saleem's complaint alleges a first amendment violation based on the different religious beliefs between the Muslim sects, it does state a prima facie case for relief. The magistrate was correct, however, to recognize that these claims should be treated as a contempt petition claiming that the prison officials have not complied with the consent decree entered in *Guthrie.* The consent decree in *Guthrie* required that "[r]easonable arrangements ... be made with officials of the Nation of Islam for visitation of ministers and the holding of services for Black Muslim inmates...." *Guthrie v. Evans,* No. 3068 (S.D.Ga.1978) (Consent Decree and Order). Saleem's claim challenges whether the prison officials have made reasonable arrangements for the visitation of ministers from the Nation of Islam by contracting with Sabree.[3]

Class members in *Guthrie* were ordered by Chief Judge Alaimo to file all contempt petitions with class counsel. We therefore affirm the district court's dismissal of this complaint. We direct the Clerk of this court to transmit a copy of this opinion, together with the original complaint filed in this case, to counsel for the *Guthrie* class.

AFFIRMED.

---

1. Saleem also names Sabree as a defendant. The claim asserted against Sabree is really the generalized claim that the prison officials have violated Saleem's first amendment rights because Sabree is a minister of a different sect than Saleem.

2. The district court, however, granted the prison officials qualified immunity from damages. This court has affirmed that ruling on appeal. *Diaab v. Green,* 861 F.2d 725 (11th Cir.1988).

3. The consent decree in *Guthrie* also granted the Black Muslim inmates the right to obtain books, periodical and literature from Black Muslim sources and the right to a pork free diet. Saleem also claims that the prison officials have not provided an adequate pork free diet. That claim should also be treated as a contempt petition and submitted to class counsel.

APPENDIX

Najee Diaab, Plaintiff–Appellant,

v.

Calvin Green, Defendant–Appellee.

No. 85–8351

Non–Argument Calendar.

(June 11, 1986)

Appeal from the United States District Court for the Southern District of Georgia

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

. Najee Diaab, a Georgia inmate, appeals from the dismissal, before service on the defendant, of his pro se 42 U.S.C. § 1983 complaint alleging denial of his First Amendment right to practice his religion and his Fourteenth Amendment right to equal protection of the law.

I. FACTS

Taking the allegations in Diaab's complaint as true,[1] Diaab is a member of the Nation of Islam, which observes Ramadan during the month of December. During Ramadan, all Muslims must fast between sunrise and sunset. Upon his arrival at Wayne Correctional Institution ("WCI") in Odum, Georgia, Diaab was informed by Counselor Jack Jones that the Department of Offender Rehabilitation (apparently a department of the State of Georgia) makes provision to serve meals to Muslims before sunrise and after sunset only during June, which is when the World Community of Islam observes Ramadan. Diaab's requests to Deputy Warden Bishop and Warden Calvin Green that arrangements for December observance of Ramadan be made were denied, and Diaab was unable to eat after sundown during Ramadan in December, 1983.

1. When reviewing a complaint dismissed for failure to state a claim, we consider the allegations in the complaint as true. *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981). (In

For Ramadan in 1984, Diaab persuaded two prison officers to provide him with food after sunset beginning on December 1. Warden Green learned of these arrangements and ordered the provisions ceased on December 9, 1984. On December 14, 1984, Diaab was transferred to Rivers Correctional Institution ("RCI") in Hardwick, Georgia.

Diaab filed his pro se complaint on February 1, 1985. He named Warden Green as defendant and charged (1) that his right to practice his religion had been infringed, (2) that he had not been allowed as much religious freedom and accommodation as had other similarly situated inmates and (3) that he had been transferred to RCI in retaliation for his efforts to persuade WCI officials to accommodate his religious practices and to pursue a grievance arising from a prison employee's alleged reckless handling of a loaded gun. He requested declaratory and injunctive relief and damages.

On March 8, 1985, the district court dismissed Diaab's complaint with prejudice before it had been served on Green. The court reasoned that Diaab's request for injunctive relief was rendered moot by his transfer to RCI. It further held that any damages claim that remained alive was due to be dismissed for failure to state a legally cognizable claim. The latter holding relied on precedent binding in this circuit which held that federal prison officials' refusal to accommodate Muslim inmates' dietary needs at Ramadan was justified by the officials' substantial and compelling interests and therefore did not impermissibly infringe the inmates' First Amendment rights. *Elam v. Henderson,* 472 F.2d 582 (5th Cir.), *cert. denied,* 414 U.S. 868, 94 S.Ct. 177, 38 L.Ed.2d 117 (1973); *Walker v. Blackwell,* 411 F.2d 23 (5th Cir.1969). The district court did not mention Diaab's retaliation and equal protection claims. Diaab appeals from the district court's order.

*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.)

## II. ISSUES

Liberally construing Diaab's pro se brief on appeal,[2] we understand Diaab to argue that the district court erred in dismissing his First Amendment claim without considering whether Warden Green had a substantial interest in refusing to accommodate his need to refrain from eating until after sundown during Ramadan. He also charges error in the district court's failure to address his retaliation and equal protection claims. We agree that the district court too hastily dismissed Diaab's claims. We therefore reverse the district court's dismissal with prejudice and remand for service on the defendant and further proceedings to determine whether Diaab is entitled to relief.

## III. ANALYSIS

At the outset, we point out that the district court correctly concluded that Diaab's claim for injunctive relief against the warden of WCI is moot because Diaab is no longer incarcerated at WCI. Nonetheless, because his claim for damages remains alive, we are presented with a justiciable case or controversy. *McKinnon v. Talladega County, Alabama,* 745 F.2d 1360, 1362 (11th Cir.1984). Moreover, Diaab alleges in his appellate brief that RCI officials denied his request that they accommodate his observance of Ramadan in December shortly after the district court dismissed his complaint. He was informed that RCI also accommodates practices in observance of Ramadan only in June. Diaab did not have an opportunity to amend his complaint to join RCI officials and add a request for injunctive relief relating to RCI. If upon remand, Diaab amends his complaint to add RCI or Georgia defendants,[3] the district court will also be faced with a live controversy with respect to injunctive relief.

With regard to the district court's dismissal of Diaab's complaint for failure to state a claim, we may affirm only if it appears

beyond doubt that Diaab can prove no set of facts in support of his claim that would entitle him to relief. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed. 2d 263 (1972).

This court has held that First Amendment claims involving state interference with or establishment of religion should not be dismissed without a hearing inquiring into the sincerity of the plaintiff's alleged religious beliefs and the state's justification for regulating the manner in which those beliefs are practiced. *Shabazz v. Barnauskas,* 598 F.2d 345, 347 (5th Cir.1979); *see also Costello v. Wainwright,* 717 F.2d 1400 (11th Cir.1983) (unpublished). We permit dismissal of a First Amendment claim only if it involves a religious claim so facially idiosyncratic that neither a hearing nor state justification of its regulation is required. *Shabazz,* 598 F.2d at 347. The Supreme Court has similarly reversed the dismissal of a First Amendment religion claim where the district court assumed, without holding a hearing or making any findings, that the state was justified in imposing certain restrictions on Buddhist inmates not imposed on inmates of other faiths. *Cruz,* 405 U.S. at 321–22, 92 S.Ct. at 1081.

Thus, allegations of state interference with religious practices not facially idiosyncratic state a claim under the First Amendment that can only be defeated if the state demonstrates a "substantial and compelling interest" justifying the regulation. *Walker,* 411 F.2d at 26; *see also Jackson v. Godwin,* 400 F.2d 529, 541 (5th Cir.1968). To strike the proper balance between the competing interests of prison officials in secure and efficient administration, on the one hand, and of inmates in complying with the requirements of religious doctrine, on the other, the aid of a factual record is essential. We will not assume that the warden's interest in denying Diaab the opportunity to observe Ra-

---

**2.** Pro se arguments are to be held to less stringent standards than are those drafted by lawyers. *See Miller,* 636 F.2d at 988.

**3.** As the policy of accommodating Ramadan only in June appears to emanate from Georgia's Department of Offender Rehabilitation, state defendants may appropriately or necessarily be joined to afford the relief requested.

madan in December was legitimate, compelling and substantial without any allegations or evidence to support such a finding.

*Walker* and *Elam* do not support the dismissal in this case. While they involved claims of First Amendment infringement similar (but not identical) to those raised by Diaab, the court's decisions were reached after some factual development[4] and were based not on any failure by the plaintiff to state a claim but on the prison officials' demonstrated compelling and substantial interest in refusing to accommodate the Muslim inmates' dietary restrictions. In neither case did the court hold that a district court may dismiss a claim such as Diaab's without any allegation or proof of a substantial and compelling state interest justifying the alleged infringement.

We also note that there are significant factual differences between this case and *Walker* and *Elam*. Diaab does not request that he be served a special, pork-free diet as did the inmates in those cases. He asks only that food be made available after sunset so that he may fast during daylight hours without endangering his health. In *Walker,* the court found the prison officials' interest in security to outweigh the inmates' interest in eating after sunset. The security concern arose from the layout of the prison and the location of prisoners within it. As this case involves a different prison, there is no reason to assume that the same interest justifies infringement of Diaab's rights. Furthermore, the fact that the observance of Ramadan is accommodated in June indicates that security concerns are not present at all in this case.

These differences illustrate why the facts surrounding state justification for interference must be developed to determine whether impermissible infringement has occurred. Because a court holds that certain prison officials demonstrated a substantial interest justifying interference with a certain religious practice at a certain institution at a certain time, does not logically compel us to conclude that an inmate who alleges interference with the same practice at a different institution at a different time has failed to state a claim under the First Amendment. The district court erred in dismissing Diaab's complaint for failure to state a claim without any factual inquiry into Diaab's sincerity and the Warden's justification for refusing to serve dinner after sunset during December Ramadan.

In addition to his claim of impermissible infringement under the First Amendment, Diaab has raised two additional claims not discussed by the district court in its order —a retaliation claim and a equal protection claim. While his retaliation and equal protection claims are fundamentally grounded in the First Amendment, each is distinct from the type of claim addressed in *Walker* and *Elam* and involves different elements of proof. Each must therefore be addressed separately to determine whether the plaintiff could prove any facts that would entitle him or her to relief.

Binding case law reveals that the district court erred in dismissing Diaab's retaliation and equal protection claims. With respect to Diaab's retaliation claim, in *Bridges v. Russell,* 757 F.2d 1155, 1157 (11th Cir.1985), we held that a complaint alleging that an inmate was transferred in retaliation for the exercise of First Amendment rights states a claim and should not be dismissed without service on the defendant. *See also Cruz, supra.* With respect to the equal protection claim, the allegation that members of one religion are not af-

---

**4.** It is clear from the face of the *Walker* opinion that the district court reached the decision that prison officials had not impermissibly infringed the Muslim inmates' First Amendment rights after a hearing on the federal government's interests in refusing to serve pork-free meals after sundown. The procedural posture of the *Elam* case as it came to the court of appeals is not so clear. It appears from the court's discussion of "uncontroverted" facts that the defendant had at least been served and had answered the plain-

tiff's complaint. Any failure further to develop a factual record may be explained by the fact that *Elam* involved identical claims against the same defendant that had prevailed in *Walker.* It also appears that the plaintiffs did not challenge the district court's failure to make specific findings with respect to the prison officials' interest in regulation, as Diaab has done here. The court was not presented with the opportunity to address the issue we decide in this case.

forded an opportunity to observe their faith comparable to that afforded fellow inmates who adhere to different precepts states a claim under the First and Fourteenth Amendments. *Cruz*, 405 U.S. at 322, 92 S.Ct. at 1081. Diaab's complaint raises both these claims and so should not have been dismissed without service and a hearing.

In conclusion, we hold that the district court erred in dismissing Diaab's complaint without service on the defendant and development of a factual record inquiring into Diaab's sincerity, the warden's justification for refusing to accommodate the observance of Ramadan in December and the reasons for Diaab's transfer. The district court's order is reversed and this case is remanded for further proceedings.

REVERSED and REMANDED.

FAY, Circuit Judge, dissenting:

In my opinion the issues raised by the complaint are controlled by *Elam v. Henderson* and *Walker v. Blackwell* cited and discussed by the majority. I would affirm the dismissal.