Johnny HARPER, Plaintiff–Appellant,

v.

A.G. THOMAS, J.M. Sikes, and Wilbur McRae, Defendants–Appellees.

Michael L. SHAVERS, Plaintiff–Appellant,

v.

Lanson NEWSOME, et al., Defendants–Appellees.

Nos. 90–8554, 90–9074.

United States Court of Appeals, Eleventh Circuit.

April 8, 1993.

Robert Falligant, Jr. (Court-appointed), Savannah, GA, for plaintiff-appellant.

Neal B. Childers, Georgia Dept. of Law, John C. Jones, Asst. Atty. Gen., Atlanta, GA, for defendants-appellees Thomas, Sikes and McRae.

John C. Jones, State Law Dept., Atlanta, GA, for defendants-appellees Newsome, et al.

Before HATCHETT, Circuit Judge, HENDERSON and ESCHBACH *, Senior Circuit Judges.

ESCHBACH, Senior Circuit Judge.

These two cases before us on appeal, while distinct lawsuits, present similar legal issues, and they were heard together at oral argument. Therefore, we dispose of these cases in a single consolidated opinion.

Both Johnny Harper (Harper) and Michael Shavers (Shavers) are prisoners at the Georgia State Prison (GSP). They brought § 1983 claims against GSP officials in which they requested both injunc-

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

tive relief and damages. In Harper's case, injunctive relief was denied and the other claims dismissed. GSP is operating under a series of consent orders that govern virtually every aspect of prison life, *Guthrie v. Evans,* CV No. 3068 (S.D.Ga. July 19, 1978; August 4, 1978; December 1, 1978) (consent decrees). The district court concluded that the claims brought by Harper and Shavers had already been litigated in *Guthrie,* and that this court pursuant to its opinion in *Saleem v. Evans,* 866 F.2d 1313 (11th Cir.1989) required that claims that coincided with those in *Guthrie* must be brought as contempt petitions through class counsel. Therefore, the basis of the district court's dismissal of these § 1983 claims was failure to state a claim upon which relief could be granted (Fed.R.Civ.P. 12(b)(6)). We have jurisdiction to decide this appeal pursuant to 28 U.S.C. § 1291. The only issue is whether the complaints were properly dismissed. We hold that pursuant to our decision in *Fortner et al. v. Thomas,* 983 F.2d 1024 (11th Cir.1993), the district court erred in dismissing the claims for damages. We affirm in part, reverse in part, and remand for further proceedings.

### I. No. 90–8554 (Harper)

Johnny Harper is an inmate whose cell is within the Special Management Unit at the GSP. He alleges that he was denied his fundamental right of access to the courts as expressed in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) because prison officials confiscated and destroyed his legal materials. GSP officials argued that they were required to confiscate the materials pursuant to one of the *Guthrie* orders and that they were only enforcing Policy Statement 500.1 (restricting the amounts of personal property that may be stored in cells). According to the findings of the magistrate judge, Harper kept his cell in disarray, and officials at GSP ordered him to clean it up after a fire inspector noted that Harper's cell was a safety hazard. When Harper refused to

straighten his cell, his personal materials were confiscated. Harper also appeals the denial of an injunction to prevent prison officers from confiscating his legal materials. In his complaint Harper requested both monetary and injunctive relief.

After a hearing on injunctive relief, the magistrate judge made factual findings, determining that in none of the instances when legal materials were confiscated was Harper actively engaged in legal research. The magistrate judge also specifically found that the actions of the correctional officers were consistent with Policy Statement 500.1 and that the taking of the property was not done with retaliatory intent. Further, the magistrate judge found that Harper was reminded of the policy statement but that even after being given an extension of time to comply, he ignored the policy statement. Finally, the magistrate judge found that the contention that the taking of property was in derogation to Harper's right of access to court was totally unfounded. (90–8554, R. 21). These factual findings were made only with regard to the claim for injunctive relief. However, in addition to recommending denial of injunctive relief, the magistrate judge also recommended dismissal of the other claims based upon the conclusion that conditions at GSP were governed by *Guthrie v. Evans*, No. CV–3068 (S.D.Ga.1978). The magistrate judge recommended that the complaint be dismissed because it could only be brought as a contempt petition through *Guthrie* class counsel. (90–8554, R. 21). Harper filed objections to the Report and Recommendation, but the district court on *de novo* review adopted the Report and Recommendation over these objections. The district court denied injunctive relief and dismissed Harper's other claims, relying on this court's ruling in *Saleem v. Evans*, 866 F.2d 1313 (11th Cir.1989).

## II.  No. 90–9074 (Shavers)

Michael Shavers is also an inmate confined at GSP. Shavers received a disciplinary report for destroying state property. The matter was referred for an institutional disciplinary hearing. At the hearing, the disciplinary committee concluded that Shavers destroyed state property and gave him the sanction of three months segregation and mandated restitution for the damaged property. On automatic appeal to GSP Appeal Officer Louise Clifton, no procedural errors were found. Restitution was taken from Shavers' prison account.

Shavers filed this lawsuit alleging that his procedural due process rights were violated. Shavers contended that the officials violated prison Disciplinary Policy Statement No. 590.1 by denying him witnesses at his disciplinary hearing. Policy Statement 590.1 was mandated by the consent decree in *Guthrie*. He also contends that prison officials violated Policy Statement No. 590.2 (also mandated by *Guthrie*) when they failed to properly consider his appeal. In his complaint, Shavers requested both injunctive relief and damages.

The district court denied the prison officials' motion for summary judgment, finding that whether Shavers requested the presence of the witnesses prior to the hearing and whether the defendants denied his request without explanation were genuine issues of material fact that precluded summary judgment. The district court did, however, dismiss all of Shavers' claims after it determined that the claims were barred pursuant to *Saleem v. Evans* and that Shavers could only bring his claims in a contempt petition through *Guthrie* class counsel.

## III.

■ We review the dismissal of a case *de novo*, accepting all allegations in the complaint as true and construing the facts in a light favorable to the plaintiff. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).

In *Guthrie v. Evans*, CV No. 3068 (S.D.Ga.1978), Judge Alaimo entered a series of orders governing most of the day-to-day aspects of the management of GSP. These orders were reproduced in GSP Policy Statements. Judge Alaimo also issued an order on July 14, 1986 preventing individual class members in *Guthrie* from relit-

igating issues already decided in that case and requiring that all contempt petitions be filed with *Guthrie* class counsel. Both Harper and Shavers are members of the *Guthrie* class, and their cases involve GSP Policy Statements that were mandated by *Guthrie*. In Harper's case, GSP officials assert that they were enforcing Policy Statement 500.1, and in Shavers' case, he alleges that GSP officials violated Policy Statements 590.1 and 590.2.

In *Saleem v. Evans*, 866 F.2d 1313 (11th Cir.1989), this court affirmed the dismissal of a GSP inmate's complaint based on Judge Alaimo's order disallowing individual contempt petitions. In *Saleem*, a GSP inmate brought a § 1983 claim for injunctive relief alleging violation of his first amendment religious rights. Saleem did not seek monetary damages. Specifically, Saleem argued that the prison should have made arrangements with officials of the Nation of Islam for visitation of ministers. This issue had already been addressed in *Guthrie*. Therefore, we held that the claim should be treated as a contempt petition claiming that GSP officials were not complying with *Guthrie*. Since Judge Alaimo had already ordered class members, all GSP inmates, to file all contempt petitions with class counsel, dismissal of Saleem's claims for injunctive relief was appropriate.

■ Until recently, we had not yet determined the breadth of *Saleem* with regard to § 1983 actions for damages. However, in our opinion in *Fortner et al. v. Thomas*, 983 F.2d at 1031 (1993) we recently determined that § 1983 claims for damages were not specifically resolved by *Guthrie*. Therefore, claims for damages are not subject to the *Guthrie/Saleem* requirement that they be brought as contempt petitions through class counsel.

■ In Harper's case, we affirm the district court's denial of injunctive relief and reverse the dismissal of his claims for damages. The magistrate judge made extensive factual findings after an evidentiary hearing on injunctive relief. (90–8554, R. 21). The district court adopted those findings over Harper's objections after *de novo* review of the record. (90–8554, R.

26). We find no error in those findings. Because the district court denied Harper's claims for injunctive relief on the merits, unlike Shavers, Harper may not bring his claims for injunctive relief in a contempt petition through *Guthrie* class counsel. However, Harper is entitled to further proceedings on his claims for damages. Therefore, we reverse and remand the dismissal of Harper's claims for damages for further proceedings consistent with our opinion in *Fortner et al. v. Thomas*, and we affirm the denial of injunctive relief.

■ In Shaver's case, summary judgment was denied and rightly so. (90–9074, R. 43, R. 45). Genuine issues of material fact exist in his case. Shavers' damages claims should be remanded for further proceedings consistent with our holding in *Fortner et al. v. Thomas*. His claims for injunctive relief, however, were properly dismissed (although not on the merits), and he may raise those claims only in a contempt petition brought through *Guthrie* class counsel.

AFFIRMED in part, REVERSED in part, and REMANDED.