[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS K. KAHN
CLERK

No. 05-10507
Non-Argument Calendar
_____

D.C. Docket No. 04-00377-CV-RLV-1

ROY LEE TAYLOR,

                                        Plaintiff-Appellant,

        versus

DEPARTMENT OF PUBLIC SAFETY,
DEPARTMENT OF LAW,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(June 23, 2005)**

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

        Roy Lee Taylor, proceeding pro se, appeals the district court's dismissal of his

42 U.S.C. § 1983 action against the Department of Public Safety and Department of

Law, alleging that the Defendants owe Taylor "$150,000,000 (one hundred fifty billion dollars) for discriminating, harassing, and acting improper against the plaintiff's rights to life, liberty, property and the pursuit of happiness along with: employments, educations, professionalisms, and family." Taylor also alleged that the Defendants caused mental, physical, emotional and other damages and improperly suspended his driving license. On appeal, Taylor challenges the district court's dismissal of his claims, as barred by the Eleventh Amendment.

We review the district court's granting of a motion to dismiss de novo, accepting all allegations in the complaint as true and construing facts in a light most favorable to the plaintiff. See Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993). A complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022-23 (11th Cir. 2001) (en banc).

In order to succeed on a § 1983 claim, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (emphasis added). According to Will v. Mich. Dept. of State Police, 491 U.S. 58, 67, 109 S. Ct. 2304, 2310, 105 L. Ed.2d 45 (1989), the State is not a "person" within the meaning of §

2

1983. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suit against a State brought by the State's own citizens. McLendon v. Ga. Dept. of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001). Moreover, state agencies share the same Eleventh Amendment immunity as do States. See Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1520-23 (11th Cir. 1983). Therefore, the Eleventh Amendment bars a federal court from exercising jurisdiction over a lawsuit against a non-consenting State and its agencies. Vt. Agency of Natural Res. v. United States, 529 U.S. 765, 778, 120 S. Ct. 1858, 1865, 146 L. Ed. 2d 836 (2000).[1]

Here, this case was brought against state agencies, which are not "persons" for purposes of § 1983 and which enjoy the same Eleventh Amendment immunity as does the State of Georgia. We are unpersuaded by Taylor's general equity-based arguments for why the Eleventh Amendment should not apply here. He also has not

---

[1] This case does not present a situation where the State has consented to suit or waived its immunity, cf. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305, 110 S. Ct. 1868, 1872-73, 109 L. Ed. 2d 264 (1990), nor has Congress abrogated the State's immunity here, cf. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72, 120 S. Ct. 631, 640, 145 L. Ed. 2d 522 (2000).

shown how the agencies qualify as "persons" for § 1983 purposes.  In short, because the state agencies did not waive their immunity or consent to suit and Congress did not abrogate state immunity, they are immune from suit based upon the Eleventh Amendment.[2]

**AFFIRMED.**

---

[2] We DENY Appellant's "Motion on Requested Informations" and "Motion for a Conference.