[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-11739
Non-Argument Calendar

_____

Agency No. A79-424-571

MIN LIU,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,
U.S. DEPARTMENT OF JUSTICE,

Respondents.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 14, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Min Liu, a native and citizen of China, proceeding *pro se*,

petitions for review of the BIA's decision affirming the IJ's denial of asylum, withholding of removal, and relief under CAT, and the BIA's denial of his motion to reopen.

On appeal, petitioner first argues that because the Chinese government is still enforcing its one-child family planning policy and couples who want to have more children are forcibly sterilized, and since he and his current wife plan on having a large family, they fear forced abortions or sterilization, as well as torture, imprisonment and hard labor. Further, Liu argues that his attempt to gain political asylum in the United States will subject him to torture if he returns to China, as the government views those who apply for political asylum as political enemies. He argues that his asylum application was unfairly denied, and his appeal to the BIA was unfairly dismissed. In response, the government argues that we lack jurisdiction to consider claims regarding the BIA's denial of the asylum application.

We consider *de novo* whether we have subject-matter jurisdiction. *See Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). An order of removal becomes final upon, *inter alia*, the dismissal of an appeal by the BIA. *See* 8 C.F.R. § 1241.1(a). "[T]he statutory limit for filing a petition for

2

review in an immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995)). The late filing of a motion to reopen or reconsider does not affect the need to file a separate petition appealing the deportation order. *Stone*, 514 U.S. at 394, 115 S. Ct. at 1543-44.

Because the record here demonstrates that the BIA denied all relief and issued its final order of removal on June 29, 2004, and Liu did not file a petition for review within the regulatory deadline, we have no jurisdiction to review the denial of asylum, withholding of removal, and CAT relief. Accordingly, our jurisdiction is limited to reviewing the BIA's April 11, 2005 decision denying Liu's motion for reconsideration. We dismiss that portion of Liu's petition challenging the underlying ruling for lack of jurisdiction.

Liu also argues without elaboration that his motion to reopen was unfairly denied. Even construing his *pro se* brief liberally, *see Saleem v. Evans*, 866 F.2d 1313, 1316 (11th Cir.1989), merely mentioning a claim is not sufficient to avoid a finding that the issue is abandoned, *see Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned."). Liu's arguments were that he was entitled to asylum, withholding of removal, and relief under CAT because of

3

the continuing political stance China takes towards family planning and those who seek political asylum. As explained above, those arguments are an attempt to advance a claim over which we lack jurisdiction, as Liu did not file a timely appeal from the BIA's final removal order. (*See generally*, administrative papers at 12, A.R. at 27). We could deny the petition as to the reconsideration order for this reason alone. *See Allison*, 184 F.3d at 1317 n.17. However, petitioner's claim fails on the merits as well.

We review the BIA's denial of a motion to reopen for an abuse of discretion, and "the BIA's discretion is quite broad." *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003) (quotation omitted). Only one motion to reopen is allowed, and it must be filed within 90 days of the date of the BIA's final administrative removal order. *See* INA § 240(c)(6)(A), (C)(i), 8 U.S.C. § 1229a(c)(6)(A),(c)(i).

The regulations provide that, "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Such motion "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* *See also*, INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B) (stating that the motion "shall state the

4

new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material.").  There is an exception to the filing deadline contained in the regulations when the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding."  8 C.F.R. § 1003.23(b)(4)(i).

We have stated that the congressional filing deadlines should be read literally by federal courts and held that the time limitations in INA § 242B(c)(3)(A) were "jurisdictional and mandatory."  *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999).  Further, "[m]otions to reopen are disfavored, especially in a removal proceeding, 'where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'"  *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (citation omitted).   We noted that, although the limitation in 8 C.F.R. § 1003.2(c)(2) may be subject to the doctrine of equitable tolling, "[u]nder *Anin*'s rationale, the statutory 90-day period for filing a notice of appeal is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling. . . . [O]ur reasoning in *Anin* is not specific to *in absentia* orders."  *Id.*

We conclude from the record that the BIA did not err by denying Liu's

5

untimely motion to reopen the hearing based on his wife's pregnancy because the pregnancy was not a changed circumstance which excuses the untimeliness nor is it a basis to grant asylum relief.

For the above stated reasons, we dismiss the petition in part and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**