[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 22, 2006
THOMAS K. KAHN
CLERK

No. 06-11029
Non-Argument Calendar

_____

D. C. Docket No. 05-01204-CV-CC-1

ARDEN M. CONARD,

Plaintiff-Appellant,

versus

ORINDA D. EVANS,
DAVID E. NAHMIAS,
LORI M. BERANEK,
STEPHEN JOEL STONE,
U.S. MARSHAL SERVICE,
UNKNOWN PERSON OR PARTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 22, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Arden Conard, proceeding pro se, appeals the dismissal of his complaint alleging constitutional violations under 42 U.S.C. § 1983,[1] claims of false arrest, libel, and slander under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC § 1961 et seq.

## I. Background

Conard filed a civil complaint against: (1) District Court Judge Orinda Evans, (2) United States Attorney David Nahmias, (3) Assistant United States Attorney Lori Beranek, (4) Assistant United States Attorney Stephen Joel Stone, (5) the United States Marshal Service, and (6) an Unknown Person or Party. The allegations in the complaint stem from a prior legal action filed against Conard to collect unpaid student loans. Conard's complaint alleged that after Conard defaulted on his loans, the United States filed a collection action against him on March 21, 1990. Beranek and Stone represented the United States in this action,

---

[1] At the outset, we note that although Conard indicated in his complaint that his civil rights claim fell under 42 U.S.C. § 1983, section 1983 is reserved for claims made against state actors. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000) (citation omitted). The defendants in the instant case are federal actors. Because Conard is a pro se litigant, however, we will construe his complaint liberally so that his civil rights claim falls under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which is the appropriate vehicle for bringing a civil rights claim against federal actors.

2

and the case was assigned to Judge Evans. The United States entered into a consent agreement with Conard, but Conard ultimately failed to pay the consent judgment, and the United States took steps to enforce the agreement.

Conard further alleged that, when he delivered a legal pleading to Judge Evans's chambers, either Judge Evans or an unknown person or party within her office called the U.S. Marshal Service and made false statements against him. The U.S. Marshal Service then approached Conard, took him into custody and questioned him for approximately one hour.

Conard claimed that the statute of limitations on his student loan collection action had expired prior to March 21, 1990. Conard further alleged that, by failing to alert him of this expiration and by filing the claim and accepting the consent agreement despite knowing of this expiration, Nahmias, Beranek, and Judge Evans acted outside their legal authority, violated Conard's civil rights, conspired to violate his civil rights, and violated RICO, which prohibits use of the United States mail to carry out illegal conduct. Conard's complaint also alleged that he was libeled, slandered, and falsely arrested when Judge Evans or an unknown person or party within her office made false statements against him to the Marshal Service. Based on these allegations, Conard sought monetary damages, injunctive relief

terminating the collection action and declaratory relief.[2]

Nahmias, Beranek, and Judge Evans subsequently filed a motion to dismiss,[3] arguing that the statute of limitations applying to student loan collection actions had been eliminated and that the law eliminating the statute of limitations had been applied retroactively in case law. They further argued that the claims brought against Nahmias and Beranek were barred by prosecutorial immunity and that the claims against Judge Evans were barred by judicial immunity. Finally, they argued that the libel and slander claim should be dismissed on the grounds that Conard failed to specify who made the allegedly slanderous comments and in what manner they were slanderous, the United States is the only proper party under the FTCA, a suit for false arrest, libel, and slander is not actionable under the FTCA, and Judge Evans is protected by judicial immunity.

The district court granted the motion to dismiss, finding that the statute of limitations for student loan collection actions had been eliminated and that the elimination applied retroactively. The district court found that, accordingly, Judge Evans had jurisdiction over the student loan collection action and was entitled to

---

[2] Judge Evans recused herself, and the case was assigned to U.S. District Court Judge Clarence Cooper.

[3] Stone was not party to this motion, and Evans, Nahmias and Beranek informed the court that he is now deceased. The Marshal Service was also not party to this motion, and Nahmias, Beranek, and Judge Evans noted that the Marshal Service was not properly served with the complaint and did not return waiver of service forms.

4

absolute judicial immunity in the current case and that Nahmias and Beranek were protected by absolute prosecutorial immunity. The district court further found that the count of the complaint alleging false arrest, libel and slander, was not actionable under the FTCA.

## II. Discussion

On appeal, Conard argues that his allegations of constitutional violations against United States Attorney David Nahmias, Assistant United States Attorney Lori Beranek, and Judge Orinda Evans should not have been dismissed; these defendants were not protected by absolute immunity because they lacked jurisdiction over the student loan collection action as the statute of limitations on that action had run. Conard also argues that his allegations of false arrest, libel, and slander against Judge Evans should not have been dismissed because libel and slander causes of action can be asserted in federal court. Conard further argues that his allegations have been adopted by Nahmias and Beranek because they failed to timely respond to a motion to quash that Conard filed in the collection action.[4]

We review the district court's grant of a motion to dismiss de novo, accepting all allegations in the complaint as true and construing facts in a light

---

[4] Because Conard failed to offer any argument relating to his RICO claim on appeal, he has abandoned that claim. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

5

most favorable to the plaintiff. Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993). A complaint should not be dismissed pursuant to Fed. R. Civ. P 12(b)(6) unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022-23 (11th Cir. 2001). We liberally construe complaints filed by pro se plaintiffs. GJR Investments, Inc. V. County of Escambia, Fla., 132 F3d. 1359, 1369 (11th Cir. 1998). We also review a finding of judicial immunity de novo. Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001).

Absolute prosecutorial immunity applies to all actions a prosecutor takes while performing his function as advocate for the United States. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002). Likewise, the scope of a judge's jurisdiction must be construed broadly when issues of immunity are implicated, and "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Thus, a judge is immune from suit even when her exercise of authority is flawed by "grave procedural errors." Id. at 359.

In initiating the student loan collection action, Nahmias and Beranek were

fulfilling their functions as advocates for the United States. Likewise, Judge Evans had jurisdiction over the student loan collection action pursuant to federal law. Even had Judge Evans's exercise of jurisdiction been marred by a failure to dismiss on statute of limitations grounds, as Conard claims, that would not deprive her of her immunity, as even "a grave procedural error" does not destroy judicial immunity. Id. at 359. Accordingly, the district court did not err in finding that all three defendants are immune from suit.

Conard also brought a claim for false arrest, libel, and slander under the FTCA. The FTCA does not extend, however, to claims for false arrest, libel, and slander, and the United States remains immune from suits raising such claims. 28 U.S.C. § 2680(h); United States v. Neustadt, 366 U.S. 696, 701-2 (1961). Accordingly, the district court properly dismissed Conard's claims for false arrest, libel and slander.

Finally, we note that Conard's allegation that Nahmias and Beranek failed to respond to Conard's motion to quash does not affect the outcome of this appeal. We already accept all of the allegations in his complaint as true. Nevertheless, Conard can prove no set of facts that would entitle him to relief.

Upon careful review of the record and upon consideration of the parties' briefs, we find no reversible error. For the above reasons, we AFFIRM.

7