[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17178
Non-Argument Calendar

_____

Agency No. A40-386-091

TREVOR ANTHONY LEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 20, 2007)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Trevor Anthony Lee, proceeding pro se, petitions for review of the Board of Immigration Appeals ("BIA") denial of his motion to reopen his removal proceedings. Since Lee is raising a question of law, we are not precluded from hearing his case pursuant to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Because he did not timely petition for review of his 1998 removal order, however, we are barred from hearing arguments concerning that order. Additionally, we could find either that, because Lee raises no argument regarding his motion to reopen, he has abandoned it on appeal, or, alternatively, his motion to reopen fails because, under 8 C.F.R. § 1003.2, it was untimely, and, as an alien who illegally reentered the United States, he did not qualify for the special relief available under 8 C.F.R. § 1003.44. Accordingly, we DENY the petition in part and DISMISS it in part.

## I. BACKGROUND

Lee, a native and citizen of Jamaica, entered the United States legally as an immigrant in 1987, but an Order to Show Cause ("OSC") was issued on 5 March 1996, charging him with being subject to deportation under INA § 241(a)(2)(A)(iii),(B)(I), 8 U.S.C. § 1251(a)(2)(A)(iii), (B)(I) (1994),[1] as an alien convicted of controlled substance violations. Specifically, the OSC charged him with the following three convictions: (1) on 5 May 1993, two convictions in Dade

---

[1] The law has been changed to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

County for the unlawful sale or purchase of cannabis and the unlawful possession of cannabis, both in violation of Fla. Stat. § 893.13; and (2) on 6 December 1988, a conviction in Dade County for the possession of cocaine, in violation of § 893.13. An immigration judge ("IJ") found Lee deportable under INA § 241(a)(2)(A)(iii), (B)(I), based on the fact that his convictions were aggravated felonies.[2] The IJ also denied his application for relief under INA § 212(c), 8 U.S.C. § 1182(c), because provisions of the then newly passed Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, § 440(d) (1996), made Lee ineligible for a waiver of inadmissibility under § 212(c).

Lee appealed to the BIA the IJ's findings that he had committed an aggravated felony and that § 212(c) relief no longer was available to him. On 30 March 1998, the BIA dismissed his appeal and found that the IJ correctly had determined that (1) Lee was convicted of an aggravated felony, and (2) the AEDPA applied to him, making him ineligible for a § 212(c) waiver. Lee subsequently was deported to Jamaica on 1 September 1998, and apparently illegally reentered the country. In 2003, Lee was charged with illegal reentry, in violation of 8 U.S.C. § 1326 and was sentenced to 46 months of imprisonment.

On 12 October 2005, Lee filed this motion to reopen his removal proceedings. Lee argued that, in light of the Supreme Court's decision in INS v.

---

[2] Per Lee's admission, he was deported on 1 September 1998.

St. Cyr, 533 U.S. 289, 326, 121 S. Ct. 2271 (2001) (broadening the availability of § 212(c) discretionary relief), he was wrongly denied the opportunity to apply for relief under § 212(c) because the IJ mistakenly applied the AEDPA retroactively. He contended that his removal proceeding was fundamentally unfair because the IJ and the BIA erroneously applied the law in removing him for an aggravated felony conviction. He also argued that his motion to reopen was the only way to obtain judicial review of his previous removal proceedings. On 28 November 2005, the BIA denied Lee's motion to reopen because, based on his 1998 deportation and illegal return, he was not eligible, under 8 C.F.R. § 1003.44(k), to apply for a waiver of inadmissibility under the former § 212(c).

## II. DISCUSSION

A. Jurisdiction Under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C)

We issued a jurisdictional question, asking whether INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), limits our jurisdiction over this case, and, if so, whether Lee has raised any reviewable challenges. Lee submitted a response, arguing that, because he presents the legal question of whether St. Cyr applies to his case, we do have jurisdiction. He further contends that, with the passage of the new INA § 242(a)(2)(D), which allows judicial review of constitutional claims or questions of law raised upon petition for review, there is no bar against our reviewing the merits of his petition.

4

Section 1252(a)(2)(C) states that, "Notwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . of this title." INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). We have stated that, although before May 2005, our review was limited "to determining whether the petitioner is (1) an alien, (2) who was removable, (3) for committing a crime enumerated in one of the statutes listed in section 1252(a)(2)(C)," now the Real ID Act has restored appellate jurisdiction to review all legal errors in a removal order for criminal aliens because it:

> provides [that 'n]othing in [section 1252(a)(2)(C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.[']

Balogun v. U.S. Att'y. Gen., 425 F.3d 1356, 1359 (11th Cir.) (quoting the Real ID Act § 106(a)(1)(A)(iii), codified at 8 U.S.C. § 1252(a)(2)(D)), cert. denied,__ U.S. __, 126 S.Ct. 1920 (2005). In Balogun, we decided that the question of whether a conviction qualified as an aggravated felony was a question of law within its jurisdiction after the Real ID Act. Id. at 1360. We also have held that "[i]mplicit in the grant of jurisdiction to review a final order of removal is the authority to

5

review. . . an order denying a motion to reopen a final order of removal." Ali v. U.S. Atty. Gen., 443 F.3d 804, 809 n.2 (11th Cir. 2006).

Lee's underlying removal order was based on the IJ's finding that his drug convictions amounted to a qualifying aggravated felony, which would have limited greatly our review before § 1252(a)(2)(D), but now we can consider questions of law arising out of those removal orders. See Balogun 425 F.3d at 1359. Because Lee is asking us to determine, in light of a new Supreme Court case, whether the AEDPA was wrongly applied, he presents a question of law. See Fed. Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1238 (11th Cir. 2000) (in civil context, finding a question of law in a district court's interpretation of the scope of a federal statute as a basis for subject-matter jurisdiction). Therefore, we have jurisdiction to review the underlying removal order, see Balogun 425 F.3d at 1359, and, "implicitly" from that grant of jurisdiction, the ability to review the order to reopen, if properly before us, see Ali, 443 F.3d at 809 n.2.

B. Jurisdiction Concerning the 1998 Removal Order

On appeal, Lee argues the merits of his underlying order of removal. He further argues that, because his offenses occurred prior to the 24 April 1996, effective date of the AEDPA, he should have been allowed the opportunity to seek a § 212(c) waiver. Lee also contends that the IJ erroneously determined that his purchase of marijuana was an aggravated felony.

6

The government responds that we lack jurisdiction to review Lee's challenges to his underlying removal order. It contends that, as a mandatory and jurisdictional requirement. All petitions for review must be filed within 30 days of the BIA's final order. Therefore, Lee would have had to file a petition for review by 29 April 1998, which he failed to do. The government argues that the filing of a motion to reopen did not affect the requirement that he timely file a petition for review of the removal order itself.

Lee replies that, because his OSC issued on 28 June 1995, relief under § 212(c) remained available to him pursuant to the Supreme Court's ruling in St. Cyr. He argues, however, that, if he had timely filed a petition for review of the BIA's removal order in 1996, it would have been dismissed for lack of jurisdiction, because of the applicable case law.[3]

By statute, an alien seeking review of a final order of the BIA must file a petition for review within thirty days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). An order of removal becomes final upon the dismissal of an appeal by the BIA. See 8 C.F.R. § 1241.1(a). "[T]he statutory

---

[3]For the first time, Lee also asks for nunc pro tunc relief, arguing that the BIA and the Attorney General have held that nunc pro tunc relief is available for non-citizens who no longer are eligible for discretionary relief. Because we "decline[s] to consider issues raised for the first time in an appellant's reply brief," United States v. Levy, 416 F.3d 1273, 1276 (11th Cir.), cert. denied, __ U.S. __, 126 S.Ct. 643 (2005), we will not consider Lee's request for relief.

limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549 (1995)). The filing of a motion to reopen or reconsider does not affect the need to file a separate petition appealing the removal order. Stone, 514 U.S. at 394, 115 S.Ct. at 1543-44.

The BIA dismissed Lee's appeal of his removal order on 30 March 1998. Accordingly, Lee would have had to file a petition for review with us within thirty days, INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), or by 29 April 1998. He did not file his petition for review until 28 December 2005, several years out of time. Accordingly, we have no jurisdiction to hear the merits of the appeal of the removal order. See Dakane, 399 F.3d at 1272 n.3. The fact that Lee filed a motion to reopen had no effect on the filing requirements. See Stone, 514 U.S. at 394, 115 S.Ct. at 1543-44. Moreover, because the relief that stems from St.Cyr is unavailable to him now because he reentered the United States illegally, the fact that his petition would have been dismissed is moot.

C. BIA's Denial of Lee's Motion to Reopen

Lee makes no arguments in his initial brief regarding specifically his motion to reopen, or the BIA's reason for its denial. That is, because he had illegally reentered the United States, he was not eligible for relief. He argues only that,

8

since the Supreme Court decided <u>St.Cyr</u>, clarifying that the AEDPA does not apply retroactively to aliens, like him, who pled guilty to drug trafficking prior to the statute's enactment, he was wrongly denied relief under § 212(c). In his conclusion, he states simply that "his motion to reopen should be sustained." Appellant's Br. at 10.

Even construing his <u>pro</u> <u>se</u> brief liberally, <u>Saleem v. Evans</u>, 866 F.2d 1313, 1316 (11th Cir.1989), merely mentioning a claim is not sufficient to avoid a finding that the issue is abandoned. <u>See</u>  <u>Allison v. McGhan Medical Corp.</u>, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned."). We have explained that Lee's arguments are an attempt to advance a claim over which we lack jurisdiction, because Lee did not file a timely petition for review of the BIA's final removal order. Accordingly, we could deny the petition as to the reopening order for this reason alone. <u>See</u> <u>Allison</u>, 184 F.3d at1317 n.17. Lee's claim, however, fails on the merits.

We review the BIA's denial of a motion to reopen for an abuse of discretion, and "'the BIA's discretion is quite broad.'" <u>Gbaya v. U.S. Attorney Gen.</u>, 342 F.3d 1219, 1220 (11th Cir. 2003) (citation omitted). Only one motion to reopen is allowed, and it must be filed within ninety days of the date of the BIA's final administrative removal order. INA § 240(c)(6)(A), (C)(I), 8 U.S.C.

§ 1229a(c)(6)(A),(c)(I). Pursuant to 8 C.F.R. § 1003.44(k), there is an alternative form of relief in the form of a motion to reopen because of the Supreme Court's decision in St.Cyr. United States v. Luna, 436 F.3d 312, 315-16 (1st Cir. 2006). The regulation states, however, that it "does not apply to: [a]liens issued a final order of deportation or removal who then illegally returned to the United States." 8 C.F.R. § 1003.44(k).

Lee's motion was untimely because it was filed after the ninety-day statutory period. The initial dismissal of his appeal of the IJ's decision was entered on 30 March 1998. Therefore, his motion to reopen should have been filed by 28 June 1998. INA § 240(c)(6)(A),(C)(I), 8 U.S.C. § 1229a(c)(6)(A). He did not file his motion until 1 November 2005, years past the ninety-day deadline. Any contention that he may have been entitled to relief based on the government's new understanding of the law after St. Cyr fails also. Under § 1003.44(k), this form of relief is not available to aliens who return to this country illegally after deportation. Lee was deported in 1998 to Jamaica, and, by his own admission, he currently is incarcerated for returning to this country illegally. As determined by the BIA, he was ineligible for relief based on his illegal reentry. 8 C.F.R. § 10003.44(k).

## III.  CONCLUSION

Lee has petitioned us to review the BIA's denial of his motion to reopen his removal proceedings.  While we could have reviewed his case because he has raised a question of law, we are barred from considering his arguments because he did not apply timely for review of his 1998 removal order.  Accordingly, we DENY the petition to reopen Lee's removal proceedings and DISMISS his motion to reopen.

**PETITION DISMISSED IN PART, DENIED IN PART.**