[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14885
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 04-01883-CV-T-26-TGW

MEL ABELE,

Plaintiff-Appellant,

versus

GRANT TOLBERT,
RON ALIFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 3, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Mel Abele appeals pro se the dismissal of his lawsuit for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). We affirm in part and vacate in part.

We review de novo a dismissal for lack of jurisdiction and accept the well-pleaded allegations of the complaint as true. Samco Global Arms, Inc., v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005). Abele asserted two possible bases of federal jurisdiction: federal question jurisdiction under 28 U.S.C. section 1331, and diversity jurisdiction under 28 U.S.C. section 1332. Because Abele did not allege in his complaint that he and the defendants were citizens of different states, the district court correctly found that diversity jurisdiction was lacking under 28 U.S.C. section 1332. We affirm that aspect of the holding of the district court.

We disagree with the holding of the district court that Abele failed to show that federal question jurisdiction existed. There is a difference between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted. Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1351-52 (11th Cir. 1998). "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (citations and quotation marks omitted).

2

Jurisdiction is not lost because a complaint fails to state a cause of action on which the plaintiff could actually recover. Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946). If the allegations in the complaint do not state a ground for relief, the dismissal of the case should be on the merits, not for want of jurisdiction. Id.

Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint. Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). Furthermore, because Abele is pro se, we must construe his complaint more liberally than if it had been drafted by a lawyer. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). In the light of that relaxed standard, we conclude that Abele's complaint raised several federal questions: (1) whether the defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. section 1961 et seq.; (2) whether the defendants violated Abele's constitutional right to due process of law; and (3) whether the defendants violated the Takings Clause of the Fifth and Fourteenth Amendments to the Constitution.

The district court erred in dismissing Abele's complaint for lack of a federal question. The district court did not find that these federal laws were invoked in

3

Abele's complaint solely to obtain jurisdiction, nor did the district court find that Abele's claims were insubstantial and frivolous. Cf. Sanders, 138 F.3d at 1352. If the "challenge to the court's jurisdiction [wa]s also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . [wa]s to find that jurisdiction exist[ed] and deal with the objection as a direct attack on the merits of the plaintiff's case." McGinnis, 918 F.2d at 1494.

The district court correctly held that diversity jurisdiction was lacking. The district court, however, erred in dismissing this case for lack of federal question jurisdiction. We vacate that ruling and remand for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**