[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2006
THOMAS K. KAHN
CLERK

No. 05-14945
Non-Argument Calendar

_____

D. C. Docket No. 04-01883-CV-T-26-TGW

MEL ABELE,

Plaintiff-Appellant,

versus

GRANT TOLBERT,
RON ALIFF,
DOES, Does: One, Two, Three,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 29, 2006)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Mel Abele appeals pro se an order that dismissed his Second Amended Complaint for failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act and refused to exercise supplemental jurisdiction over his remaining claims on the ground that they arose only under state law. Because Abele failed to allege the defendants committed predicate acts that would constitute a pattern of racketeering activity, we affirm the dismissal with prejudice of Abele's claim under the RICO Act. Because we conclude Abele stated a claim that the defendants violated his right to due process of law, we reverse the dismissal of that claim and remand for further proceedings.

## I. BACKGROUND

Abele filed a complaint against Grant Tolbert, Ron Aliff, and three unnamed defendants that alleged violations of the Takings Clause of the Fifth and Fourteenth Amendments, the RICO Act, principles of constitutional due process and various state laws when the defendants destroyed and condemned several of Abele's properties, removed electric meters from four private residences, and refused to issue Abele several permits. The district court dismissed sua sponte Abele's complaint for a lack of subject matter jurisdiction. We reversed and held that "Abele's complaint raised several federal questions: (1) whether the defendants violated the Racketeer Influenced and Corrupt Organizations Act

2

(RICO), 18 U.S.C. section 1961 et seq.; (2) whether the defendants violated Abele's constitutional right to due process of law; and (3) whether the defendants violated the Takings Clause of the Fifth and Fourteenth Amendments to the Constitution." Abele v. Tolbert, No. 04-14885 (11th Cir. May 3, 2005) (per curiam). On remand, the district court instructed Abele to file an amended complaint, but dismissed sua sponte Abele's amended complaint because it was a "'quintessential shotgun pleading' of the type that the Eleventh Circuit Court of Appeals has repeatedly condemned." Abele followed the order of the district court to refile his complaint.

In his Second Amended Complaint, Abele alleged: (1) Ron Aliff demolished one of Abele's properties "without any legal notice as required by Federal and States Statutes" and "the 'agency' failed to grant the bare essentials of law" and violated protections guaranteed by the Florida and Federal Constitutions when it failed to seek injunctive relief as required by state law; (2) Aliff wrongly denied, under state law, a building permit for a property Abele sold; and (3) Ron Aliff and Grant Tolbert violated various state laws and the RICO Act when, without proper notice or court orders, they ordered the removal of the electric meter from a mobile home on property zoned for agricultural use.

The defendants moved to dismiss the Second Amended Complaint for

3

failure to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). The district court concluded that Abele failed to state a claim under the RICO Act and dismissed that claim with prejudice. The district court determined that Abele's remaining allegations sought "relief solely pursuant to Florida law" and dismissed them without prejudice after declining to exercise its supplemental jurisdiction. Abele again seeks our review.

## II. STANDARD OF REVIEW

"We review the dismissal of a complaint for failure to state a claim <u>de novo</u>, construing all allegations in the complaint as true and in the light most favorable to the plaintiff." <u>Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.</u>, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal citation omitted). "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Harper v. Blockbuster Entertainment Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

## III. DISCUSSION

Because Abele appeals <u>pro se</u>, we "construe [his] complaint more liberally than [we] would formal pleadings drafted by lawyers." <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990). We also construe liberally his arguments on

4

appeal. See McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994); Saleem v. Evans, 866 F.2d 1313, 1315 & n.2 (11th Cir. 1989). Although Abele's appeal briefs are almost indecipherable, we construe them to include two arguments: (1) he stated a claim upon which relief could be granted under the RICO Act; and (2) he sought relief under federal law and stated a claim of violation of his constitutional right to due process. Abele fails to challenge on appeal the dismissal without prejudice of his claims based on state law, and we decline to address the issue of "obligation of contract" that Abele raises in his reply brief because he failed to raise it in Count II of his Second Amended Complaint and in his Initial Brief. See Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995); Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994). We first discuss whether Abele stated a claim under the RICO Act, and then address the issue of due process of law.

### A. Abele Failed to State a Claim Under the RICO Act.

We have explained that a civil claim under the RICO Act requires proof of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308, 1311 (11th Cir. 2000). "[A] pattern of racketeering activity . . . [is] defined as two 'predicate acts' of racketeering activity within a 10 year period. The phrase

'racketeering activity' is defined as including any act which is indictable under a lengthy list of criminal offenses . . . ." Id. at 1311-12 (internal citation omitted); see 18 U.S.C. § 1961(5).

Abele failed to state a claim under the RICO Act because he failed to allege the defendants committed predicate acts that would constitute a pattern of racketeering activity under section 1961(1). See 18 U.S.C. § 1961(1), (5). Abele alleged the defendants "wantonly and maliciously destroyed" several of his properties over a 12-year period and wrongly removed a water meter from a mobile home he owned, but these actions are not included as predicate acts in section 1961(1). The district court correctly dismissed the claim Abele brought under the RICO Act.

## B.  Abele Stated a Claim of Denial of Due Process.

We previously concluded that Abele's original complaint raised the federal questions "whether the defendants violated Abele's constitutional right to due process of law . . . [and] the Takings Clause of the Fifth and Fourteenth Amendments to the Constitution." Abele, No. 04-14885. The Second Amended Complaint did not allege a taking, but, construed liberally, the complaint raised a federal question of due process when it alleged that Aliff entered Abele's property "and without any legal notice as required by Federal and State Statutes and the

6

relevant Case Law(s), he commenced to demolish the res." Abele also alleged he was denied the "bare essentials of law" as guaranteed "under State and Federal Constitution(s)." Although it was undeniably difficult to unravel Abele's complaint, the district court erroneously ignored this federal question.

"The Due Process Clause of the Fourteenth Amendment requires that a private citizen be given notice and an opportunity to be heard before a government official seizes his or her property." Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County, 279 F.3d 1316, 1322 (11th Cir. 2002). Count I of Abele's complaint, construed liberally, states a claim that the defendants destroyed one or more of Abele's properties or homes without notice or a hearing—i.e., that the defendants violated Abele's right to procedural due process. The motion to dismiss this claim should have been denied.

## IV. CONCLUSION

We affirm the dismissal with prejudice of Abele's claim under the RICO Act. Because we conclude Abele stated a claim that the defendants violated his right to due process, we reverse the dismissal of that claim and remand for further proceedings.

**AFFIRMED in part and REVERSED and REMANDED in part.**